| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>AARON E. DE LEEST, #216832<br>adeleest@marshackhays.com<br>CHAD V. HAES, #267221<br>chaes@marshackhays.com<br>MARSHACK HAYS WOOD LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>LITIGATION PRACTICE GROUP P.C.,<br><br><br>Debtor(s). | CASE NUMBER: 8:23-bk-10571-SC<br>ADVERSARY NUMBER: 8:25-ap-01094-SC<br>CHAPTER: 11 |
|---|---|
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff(s),<br>vs.<br><br>VERCY L.L.C., a California Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendant(s). | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1**<br><br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: NO HEARING REQUIRED PURSUANT TO LBR 9013-1(o) |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1. Name of Defendant(s) against whom default judgment is sought (*specify name*): VERCY L.L.C., a California Limited Liability Company

2. Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 09/20/2025

3. The Summons and Complaint were served on Defendant by ☐ personal service ☒ mail service on the following date (*specify date*): 09/20/2025

4. A true and correct copy of the completed return of summons form is attached.

> *"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
> *"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  The time for filing an answer or other response expired on (*specify date*): 10/11/2025

6.  No answer or other response has been filed or served by Defendant.

7.  The default of Defendant:

   a. ☐ Has not yet been entered, but is requested

   b. ☒ Was entered on (*specify date*): 12/30/2025

8.  **A Status Conference:**

   a. ☒ Is scheduled for (*specify date, time, and place*): May 7, 2026 at 1:30 pm
      Courtroom 5C, 411 West Fourth Street, Santa Ana,  CA 92701

   b. ☐ Was held on (*specify date, time, and place*): _____
      _____

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

   a. ☒ Relies on the complaint and attached documents.

   b. ☒ Attaches the following documents to establish a *prima facie* case:

      (1) ☒ Declaration of (*specify*): Richard A. Marshack, Trustee of the LPG Liquidation Trust

      (2) ☒ Declaration of (*specify*): Tony Diab

      (3) ☐ Other (*specify*): _____

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS (**Servicemembers Civil Relief Act, 50 U.S.C. chapter 50 (§§ 3901-4043)).  The undersigned party or counsel declares under penalty of perjury, with respect to each Defendant against whom a default judgment is sought by this motion:

   a. ☒ Defendant is not currently in military service.  The facts that support this statement are as follows (*see the court's website for information about how to verify non-military status*):

      Defendant is a fictitious entity that is ineligible for military service.

   b. ☐ Defendant is currently in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the requirements in 50 U.S.C. § 3931(b)(2) to appoint an attorney for the Defendant before entering a judgment*):

   c. ☐ I am unable to determine whether or not Defendant is in military service.  The facts that support this statement are as follows (*if this box is checked, the plaintiff must attach a supplement to this motion addressing the bond requirement in 50 U.S.C. § 3931(b)(3)*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                              Page 2                        **F 7055-1.2.DEFAULT.JMT.MOTION**

12. Defaulting party is not an infant or incompetent party.

Plaintiff requests that this court enter a default judgment in favor of Plaintiff.  A copy of the lodged proposed default judgment is attached.


Date: __05/04/2026__

Respectfully submitted,

MARSHACK HAYS WOOD LLP
Printed name of law firm


/s/ Chad V. Haes
Signature

CHAD V. HAES
Name of Attorney for Plaintiff or Plaintiff

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/04/2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 05/04/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/04/2026 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Pursuant to Court Manual, Appendix F, 2.2(c), no Judge's Copy is required.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/04/2026 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Continued:
   - ATTORNEYS FOR PLAINTIFF: Aaron E. De Leest     adeleest@marshackhays.com,
     adeleest@marshackhays.com,alinares@ecf.courtdrive.com
   - ATTORNEYS FOR PLAINTIFF: Chad V Haes     chaes@marshackhays.com,
     chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;
     alinares@ecf.courtdrive.com;spineda@marshackhays.com;ldinkins@marshackhays.com
   - ATTORNEYS FOR PLAINTIFF: D Edward Hays     ehays@marshackhays.com,
     ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;
     cmendoza@ecf.courtdrive.com
   - INTERESTED PARTY: Brandon J. Iskander     biskander@goeforlaw.com,
     kmurphy@goeforlaw.com;jfountain@goeforlaw.com
   - PLAINTIFF: Richard A Marshack (TR)     pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
   - U.S. TRUSTEE: United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**: Continued:

**Defendant**
Vercy L.L.C. **Returned Mail 03/03/25**
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other Agent
Authorized to Receive Service
17748 Sky Park Circle #200
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #240
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
2525 Main St #360
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
401 Rockefeller #1407
Irvine, CA 92612

**Defendant**
Vercy L.L.C.
c/o Nader Sepehr, Agent for Service
15 Edendale St
Ladera Ranch, CA 92694

**Defendant**
Vercy L.L.C.
c/o Nader Sepehr, Agent for Service
4533 MacArthur Blvd #216
Newport Beach, CA 92660

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay, CEO and/or General Counsel,
CEO, or Officer, Managing or General Agent, or
any Other Agent Authorized to Receive Service
10 Thunder Run Apt 7c
Irvine, CA 92614

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*                                         **F 7055-1.2.DEFAULT.JMT.MOTION**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | Adv. Case No. 8:25-ap-01094-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust, | NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT VERCY L.L.C. AND REQUEST TO DISMISS DOE DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF RICHARD A. MARSHACK AND TONY DIAB IN SUPPORT THEREOF |
| Plaintiff, | |
| v. | |
| VERCY L.L.C., a California Limited Liability Company; and DOES 1 through 20, inclusive, | [NO HEARING REQUIRED UNDER LBR 9013-1(o)] |
| Defendants. | |

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.1

## Table of Contents

1.    Summary of Argument ..................................................................................................2

2.    Relevant Background Facts ..........................................................................................3

    A.    Pre-Petition Conduct............................................................................................3

    B.    Bankruptcy Case ...................................................................................................4

    C.    Adversary Proceeding and Entry of Default.........................................................5

3.    Argument .......................................................................................................................6

    A.    This Court has jurisdiction over this adversary proceeding...................................6

    B.    The Court has authority to enter default judgment against Defendant. ...........................6

4.    The Court has broad discretion to enter default judgment............................................7

5.    Defendant's liability is presumed upon entry of default...............................................8

6.    Plaintiff is entitled to the entry of default judgment pursuant to the Complaint. .........................8

    A.    Factual background supporting the Claims for Relief asserted in the Complaint ...........8

    B.    Debtor's actual intent to defraud its creditors is conclusively established
by entry of Defendant's default and because Debtor operated a Ponzi scheme. ..............9

    C.    Debtor's actual intent to defraud its creditors can be ascertained through the
presence of various badges of fraud.......................................................................9

        a.    Debtor had been sued or threatened with suit before some or all of
the Transfers occurred...........................................................................10

        b.    Debtor removed and concealed assets and, to the extent the Transfers
were made by Diab  Entities, Debtor also concealed the Transfers....................11

        c.    The Diab  Entities are insiders of Debtor...............................................11

        d.    Debtor received less than reasonably equivalent value in exchange for
the Fraudulent Transfers. ......................................................................11

        e.    The Fraudulent Transfers occurred shortly before and shortly after a
substantial debt was incurred. ..............................................................12

        f.    Debtor was insolvent at the time of the Transfers. ...............................12

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.1

D. Debtor was indebted to many creditors in amounts beyond its ability to pay at the time of the Fraudulent Transfers. ...............................................................13

E. First Claim for Relief Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code § 3439 *et seq.*] ........14

F. Second Claim for Relief Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code § 3439 *et seq.*] ........15

G. Third Claim for Relief Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer [11 U.S.C. §§ 548(a)(1)(A), 550 & 551] ...........................................................16

H. Fourth Claim for Relief Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer [11 U.S.C. §§ 548(a)(1)(B), 550 & 551] ........................................16

I. Fifth Claim for Relief for Avoidance, Recovery, and Preservation of Unauthorized Post-Petition Transfer [11 U.S.C. §§ 549, 550, and 551] ........................17

J. Sixth Claim for Relief Disallowance of Claim [11 U.S.C. § 502(d)] .............................17

K. Pre-judgment interest is appropriate. ...............................................................17

7. Request for Dismissal of the Doe Defendants ...............................................................18

8. To the extent the Motion is not granted, the deadline to file non-discovery motions should be continued. ...............................................................19

9. Conclusion ...............................................................19

Declaration of Richard A. Marshack ...............................................................22

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

# Table of Authorities

**Cases**

*Barclay v. Mackenzie* (*In re AFI Holding, Inc.*),
   525 F.3d 700, 704 (9th Cir. 2008) ..........................................................................................9

*Burkart v. Bisessar (In re Singh)*,
   2015 Bankr. LEXIS 1440, at *32 (Bankr. E.D. Cal. Apr. 22, 2015) ......................................14

*Castaldi v. Schwartzer* (*In re Welscorp, Inc.*),
   2023 Bankr. LEXIS 1801, at *18-19 (9th Cir. BAP 2023) ......................................................9

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
   528 F.3d 696, 702 (9th Cir. 2008) ..........................................................................................8

*Diverse Capital LLC v. The Litigation Practice Group P.C. et al.*,
   Supreme Court of New York Index No. 135614-2023 ...........................................................10

*Donell v. Kowell*,
   533 F.3d 762, 772 (9th Cir. 2008) ........................................................................................17

*Eitel v.McCool*,
   782 F.2d 1470, 1471-72 (9th Cir. 1986) ..................................................................................7

*Filip v. Bucurenciu*,
   129 Cal.App.4th 825, 834 (2005) ..........................................................................................10

*Fundura v. The Litigation Practice Group P.C. et al.*,
   Supreme Court of New York Index No. 613192-2021 ...........................................................10

*Garamendi v. Henin*,
   683 F.3d 1069, 1080 (9th Cir. 2012) ......................................................................................8

*Gillespie v. Civiletti*,
   629 F.2d 637, 642 (9th Cir. 1980) ........................................................................................18

*Glob. Money Mgmt., L.P. v. McDonnold*,
   2008 U.S. Dist. LEXIS 128733, at *15 (S.D. Cal. Feb. 27, 2008) ........................................12

*Hayes v. Palm Seedlings Partners-A* (*In re Agric. Research & Tech. Grp., Inc.*),
   916 F.2d 528, 534-35 (9th Cir. 1990) ....................................................................................9

*Hells Canyon Pres. Council v. United States Forest Serv.*,

    403 F.3d 683, 687 (9th Cir. 2005) .................................................................................. 18

*In re Birting Fisheries, Inc.*,

    300 B.R. 489, 499 (B.A.P. 9th Cir. 2003) ...................................................................... 19

*In re Cohen*,

    199 B.R. at 717 ................................................................................................................ 9

*In re EPD Inv. Co., LLC*,

    114 F.4th at 1153 (9th Cir. 2024) .................................................................................. 9

*In re Friedman*,

    126 B.R. 63, 70 (B.A.P 9th Cir. 1991) .......................................................................... 11

*Jeffrey E. Brandlin, Inc. v. Do*,

    *2022 U.S. Dist. LEXIS 107740, at \*10 (C.D. Cal. Jan. 26, 2022)*.............................. 18

*Johnson v. Neilson* (*In re Slatkin*),

    525 F.3d 805, 814 (9th Cir. 2008) .................................................................................. 9

*Kirkland v. Rund (In re EPD Inv. Co., LLC)*,

    114 F.4th 1148, 1156 (9th Cir. 2024) ............................................................................ 13

*Kubick v. FDIC (In re Kubick)*,

    171 B.R. 658, 661-62 (B.A.P. 9th Cir. 1994) ................................................................ 7

*Merrill v. Abbott* (*In re Independent Clearing House Co*.),

    77 B.R. 843, 860 (D. Utah 1987) .................................................................................... 9

*Newgen, LLC v. Safe Cig, LLC*,

    840 F.3d 606, 616 (9th Cir. 2016) .................................................................................. 7

*Panning v. Lavine*,

    572 F.2d 1386 (9th Cir. 1978) ........................................................................................ 8

*Pedrina v. Han Kuk Chun*,

    987 F.2d 608, 609 (9th Cir. 1993) .................................................................................. 18

*Picard v. Merkin* (*In re Bernard L. Madoff Inv. Secs. LLC*),

    2011 U.S. Dist. LEXIS 97647, at \*20 (Bankr. S.D.N.Y. 2011) .................................... 9

iv

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

*Plotkin v. Pomona Valley Imports* (*In re Cohen*),

   199 B.R. 709, 716 (9th Cir. BAP 1996) .................................................................... 9

*Rancheria v. Howard*,

   2022 U.S. Dist. LEXIS 2493, at *5 (E.D. Cal. 2022) ............................................... 8

*Robert Kubick et. al. v. FDIC (In re Kubick)*,

   171 B.R. 658, 659 (B.A.P. 9th Cir. 1994)................................................................. 7

*Salomon v. Davis (In re Salomon)*,

   2008 Bankr. LEXIS 4681, at *14 (B.A.P. 9th Cir. 2008)......................................... 7

*United States v. Rasheed*,

   663 F.2d 843, 849 n.1 (9th Cir. 1981) ................................................................... 13

**Statutes**

11 U.S.C. § 105(a) ...................................................................................................... 18

11 U.S.C. § 502(d) .............................................................................................. 2, 5, 17

11 U.S.C. § 544.............................................................................. 2, 5, 13, 15, 16, 19

11 U.S.C. § 547.............................................................................................................. 4

11 U.S.C. § 548.................................................................................................... 16, 20

11 U.S.C.§ 548(a)(1).................................................................................................... 9

11 U.S.C. § 548(a)(1)(A) ........................................................................................ 5, 15

11 U.S.C. §548(a)(1)(B) ....................................................................................... 2, 5, 16

11 U.S.C. § 550........................................................................................ 5, 13, 15, 16, 19, 20

11 U.S.C. § 551........................................................................................ 5, 13, 15, 16, 20

28 U.S.C. § 157(a) ........................................................................................................ 6

28 U.S.C. § 157(b)(2)(A) .............................................................................................. 6

28 U.S.C. § 1334(a) ...................................................................................................... 6

50 U.S.C. §§ 3901-4043 .............................................................................................. 7

Cal. Civ. Code § 3287(a) ............................................................................................ 17

Cal. Civ. Code § 3287(b) ............................................................................................ 17

Cal. Civ. Code § 3439 ........................................................................................... 14, 15

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

Cal. Civ. Code § 3439.04 ................................................................................................ 13, 18, 19, 20

Cal. Civ. Code § 3439.04(a)(1) ................................................................................................... 2, 5

Cal. Civ. Code § 3439.04(b) ......................................................................................................... 10

Cal. Civ. Code § 3439.05 .................................................................................................. 2, 5, 15, 19

Cal. Civ. Code § 3439.07 ............................................................................................. 2, 5, 18, 19, 20

Cal. Civ. Code § 3439.09 ......................................................................................................... 14, 15

**Rules**

Fed. R. Bankr. P. 7055 .................................................................................................................... 6

Fed. R. Civ. Proc. 41(a) ................................................................................................................. 18

Fed. R. Civ. Proc. 41(a)(1) ............................................................................................................ 18

Fed. R. Civ. Proc. 41(a)(1)(A) ...................................................................................................... 20

Fed. R. Civ. Proc. 41(a)(1)(A)(i) .................................................................................................. 18

Fed. R. Civ. Proc. 55 ....................................................................................................................... 6

Fed. R. Civ. Proc. 55(b)(2) .............................................................................................................. 7

Fed. R. Civ. Proc. 55(b)(2)(B) ...................................................................................................... 17

Fed. R. Evid. 201 ............................................................................................................................. 7

Local Bankruptcy Rule 7055-1(b) ................................................................................................... 7

Local Bankruptcy Rule 9013-1(f)(3) ............................................................................................. 19

MOTION FOR DEFAULT JUDGMENT
4928-9965-0442,v.2

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND DEFENDANTS:

PLEASE TAKE NOTICE THAT plaintiff, Richard A. Marshack, solely in his capacity as the Trustee of the LPG Liquidation Trust ("Plaintiff"), submits this Notice of Motion and Motion for Default Judgment Against Defendant, Vercy L.L.C., a California Limited Liability Company, and Request to Dismiss Doe Defendants ("Motion").

The Motion is based on 11 U.S.C. § 102(1)(B), Rule 7055 of the Federal Rules of Bankruptcy Procedure, Rule 55 of the Federal Rules of Civil Procedure, Rules 7055-1 and 9013-1(o) of the Local Bankruptcy Rules, the accompanying Memorandum of Points and Authorities, the Declarations of Richard A. Marshack and Tony Diab, the pleadings on file in this adversary proceeding and any other evidence properly before this Court.

PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule 9013-1(o)(1)(4) requires that any response and request for hearing must be filed with the court and served on the Trustee and the United States trustee within 14 days after the date of service of the Notice, plus an additional three (3) days unless this Notice was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B). A copy of any response must be served on D. Edward Hays, Aaron E. De Leest, and Chad V. Haes at the address indicated above and must also be served on the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701. Any response must comply with the requirements of Local Bankruptcy Rule 9013-1(f). Failure to timely respond may be deemed as consent to the granting of the Motion. *See* Loc. Bankr. R. 9013-1(h).

DATED:  May 4, 2026

MARSHACK HAYS WOOD LLP

By:  /s/ *Chad V. Haes*
CHAD V. HAES
Attorneys for Richard A. Marshack,
Plaintiff and Trustee of The LPG Liquidation Trust

1

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND DEFENDANTS:

Plaintiff, Richard A. Marshack, solely in his capacity as the Trustee of the LPG Liquidation Trust ("Plaintiff"), submits this Motion for Default Judgment ("Motion") against defendant, Vercy L.L.C. ("Defendant"), on Plaintiff's First Claim for Relief for Avoidance, Preservation, and Recovery of Actual Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07; Second Claim for Relief for Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07; Third Claim for Relief for Avoidance, Preservation, and Recovery of Actual Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544, 550, 551; Fourth Claim for Relief for Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550 & 551; Fifth Claim for Relief for Avoidance, Recovery and Preservation of Unauthorized Post-Petition Transfer Pursuant to 11 U.S.C. §§ 549,550, and 551; and Sixth Claim for Relief for Disallowance of Claims Pursuant to 11 U.S.C. § 502(d), and respectfully requests dismissal of Does 1 through 20 (collectively "Doe Defendants") as follows:

## 1.    Summary of Argument

Upon entry of a defendant's default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true for purposes of entering judgment. In this case, the Trustee's complaint alleges that The Litigation Practice Group, P.C. ("Debtor") and Vulcan Consulting Group LLC dba DRD ("Vulcan") transferred at least $222,082.60 of Debtor's funds to Defendant within the four-year period prior to the petition date ("Fraudulent Transfers"). The Trustee further alleges that Debtor received no reasonably equivalent value in exchange for the Fraudulent Transfers and was insolvent when they occurred. In the post-petition period, Validation Partners LLC ("VP", with Vulcan, "Vulcan/VP") transferred at least $12,011.75 of Debtor's funds to Defendant ("Post-Petition Transfer," and collectively with Fraudulent Transfers, the "Transfers"). The Post-Petition Transfer was not authorized under the Bankruptcy Code or by order of the United States Bankruptcy Court overseeing Debtor's bankruptcy case. The Debtor fraudulently utilized various entities for different purposes. For

/ / /

2

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

example, VP raised funds for Debtor's purchase of client files from "cappers."[1] Other entities, such as Vulcan, were either established or controlled by Tony Diab and each held only Debtor's funds in their bank accounts. Evidence of the Transfers, including bank statements and the sworn declaration of Tony Diab, is attached to this Motion.

Because the Defendant's default results in all of the alleged facts being taken as true, good cause exists for the Court to enter a default judgment avoiding, recovering, and preserving the Transfers and disallowing any claim asserted by the Defendant unless the avoided Transfers are timely repaid.

## 2.    Relevant Background Facts

### A.    Pre-Petition Conduct

Pre-petition, The Litigation Practice Group, P.C. (previously defined as "Debtor") was a law firm that provided consumer debt resolution services to more than 50,000 clients nationwide. Declaration of Tony Diab ("Diab Declaration"), ¶ 2; Complaint, ¶ 13.

Tony Diab ("Mr. Diab") operated, dominated, and controlled the Debtor. Diab Declaration, ¶ 3; Complaint, ¶ 14.

Mr. Diab established and/or controlled one or more entities (collectively, the "Diab Entities"), including Vulcan/VP, which perpetuated Debtor's scheme. *See* Diab Declaration, ¶¶ 9, 11; Complaint, ¶ 16. The various entities served a different function to the Debtor and were utilized to assist it in furthering its fraud on creditors. *See, id.* For example, Validation Partners, LLC assisted the Debtor by raising funds on the Debtor's behalf. Diab Declaration, ¶ 12. Mr. Diab caused monies paid to and belonging to Debtor to be deposited in one or more accounts nominally titled in the name of Vulcan/VP. Diab Declaration, ¶¶ 5-6, 14-15; Complaint, ¶ 1. The accounts in the name of the Diab Entities were controlled, at least in part, by Mr. Diab on behalf of LPG. Diab Declaration, ¶ 9. Mr. Diab took these actions to keep Debtor's cash outside the reach of its creditors. Diab Declaration, ¶ 8; Complaint, ¶ 16.

---

[1] "Cappers" illegally contracted with the Debtor to solicit clients in exchange for a percentage of receivables collected from those clients by the Debtor. Such agreements are illegal under California law. *See Marshack v. JGW Solutions, LLC* (*In re Litigation Practice Group P.C.*), Order Granting Motion for Summary Judgment, Adv. Case. No. 8:23-bk-01148-SC, Dk. No. 72, pg. 16 ("JGW Order").

MOTION FOR DEFAULT JUDGMENT
4928-9965-0442,v.2

The Debtor's primary assets were its rights to receive monthly ACH payments from its consumer clients ("ACH Receivables"). Diab Declaration, ¶ 9; Complaint, ¶ 17. The ACH Receivables, proceeds of LPG assets, and/or loan/investment proceeds for which only LPG was liable were the sources of funds in accounts of Vulcan/VP. Diab Declaration, ¶ 17. In the full year prior to bankruptcy, Debtor's Statements of Financial Affairs evidence that it received revenues totaling approximately $155 million. Complaint, ¶ 17.

In the four-year period prior to the Petition Date, Debtor and Vulcan transferred no less than $222,082.60 to Defendant.[2] In the post-petition period, VP transferred no less than $12,011.75 to Defendant.[3]

## B.    Bankruptcy Case

On March 20, 2023 ("Petition Date"), Debtor filed a petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy case no. 8:23-bk-10571-SC ("Bankruptcy Case").

On May 8, 2023, the Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy Case. Complaint, ¶ 15.

On April 10, 2025, as Bk. Dk. No. 2356, Trustee filed a Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Trustee's General Counsel ("Procedures Motion").

On April 28, 2025, as Bk. Dk. No. 2406, the Court entered an order granting the Procedures Motion ("Procedures Order").[4]

Pursuant to the Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation entered September 9, 2024, and the Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation filed September 24, 2024, Richard A. Marshack became the Liquidating Trustee of the LPG Liquidation Trust, effective September 24, 2024. [Bankr. Docket Nos. 1646 and 1762]. Complaint, ¶ 5. All of the subject claims have been transferred to the Liquidating

---

[2] A true and correct copy of the bank statements evidencing the Transfers are attached to the Declaration of Richard A. Marshack ("Marshack Declaration") as **Exhibit 1**.

[3] A true and correct copy of the bank statements evidencing the Transfers are attached to the Marshack Declaration as **Exhibit 2**.

[4] A true and correct copy of the Procedures Order is attached to the Marshack Declaration as **Exhibit 3**.

MOTION FOR DEFAULT JUDGMENT
4928-9965-0442,v.2

Trust pursuant to the confirmed plan and Plaintiff brings this action solely in his capacity as the Liquidating Trustee of the LPG Liquidation Trust. *Id.*

## C.    Adversary Proceeding and Entry of Default

On March 7, 2025, Plaintiff filed a complaint for: (1) Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07]; (2) Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07]; (3) Disallowance of Claims held by Defendant [11 U.S.C. § 502(d)] against Defendant.

On March 11, 2025, as Dk. No. 3, the Court issued a Summons and Notice of Status Conference ("Summons").

On March 18, 2025, Defendant was served by first class mail the Complaint along with the Summons and Notice to Defendant. [5]

On September 20, 2025, as Dk. No. 24, Plaintiff filed an amended complaint for: (1) Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07]; (2) Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07]; (3) Avoidance, Recovery, and Preservation of Unauthorized Post-Petition Transfers [11 U.S.C. §§ 549, 550, and 551]; and (4) Disallowance of Claims held by Defendant [11 U.S.C. § 502(d)] ("Complaint"). [6]

The last day for Defendant to file and serve a responsive pleading to the Complaint was October 11, 2025. To date, Defendant has failed to respond to the Complaint.

On December 30, 2025, as Dk. Nos. 30 and 31, Plaintiff filed a request for entry of default under Local Bankruptcy Rule 7055-1 ("Request"). [7]

On December 30, 2025, as Dk. No. 32, the Clerk of the Court entered default against Defendant ("Default"). [8]

---

[5] A true and correct copy of the conformed executed Summons is attached to the Marshack Declaration as **Exhibit 5**.
[6] A true and correct copy of the Complaint is attached to the Marshack Declaration as **Exhibit 4**.
[7] A true and correct copy of the Request is attached to the Marshack Declaration as **Exhibit 6**.
[8] A true and correct copy of the Default is attached to the Marshack Declaration as **Exhibit 7**.

4928-9965-0442,v.2

**3.    Argument**

    **A.    This Court has jurisdiction over this adversary proceeding.**

Pursuant to 28 U.S.C. § 1334(a), "the district courts shall have original and exclusive jurisdiction of all cases under Title 11." The District Court has referred all Title 11 proceedings to the bankruptcy courts. 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (B) (allowance or disallowance of claims against the estate), (E) (orders to turn over property of the estate), (H) (proceedings to determine, avoid, or recover fraudulent conveyances) and (O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims). This Adversary Case arises in and relates to the Bankruptcy Case, which is pending in the United States Bankruptcy Court for the Central District of California, Sana Ana Division. Accordingly, this Court has jurisdiction over this Adversary Proceeding.

    **B.    The Court has authority to enter default judgment against Defendant.**

Rule 55 of the Federal Rules of Civil Procedure ("FRCP") applies in adversary proceedings. *See* Fed. R. Bankr. P. 7055. FRCP Rule 55 states in pertinent part:

> (b) Entering a Default Judgment.
> …
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

In addition, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California ("LBR") provide that a motion for default judgment must state:

> (A)  The identity of the party against whom default was entered and the date of entry of default;

6

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

(B) Whether the defaulting party is an infant or incompetent person and, if so, whether that person is represented by a general guardian, committee, conservator, or other representative;

(C) Whether the individual defendant in default is currently on active duty in the armed forces of the United States, based upon an appropriate declaration in compliance with the Servicemembers Civil Relief Act (50 U.S.C. §§ 3901-4043);

(D) When the individual defendant is the debtor, the party seeking the default may rely upon the debtor's sworn statements contained in a statement of financial affairs, by following the appropriate procedure for requesting judicial notice of that document pursuant to F.R.Evid. 201; and

(E) That notice of the motion has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2)."

*See* LBR 7055-1(b).

In this case, default has been entered against Defendant, the Motion has been presented in the correct form, and proper notice has been served. Further, Defendant is neither an infant nor incompetent person and is not on active duty in the armed forces of the United States. Marshack Declaration, ¶ 5. Therefore, Plaintiff respectfully requests that this Court grant the Motion and enter default judgment in favor of Plaintiff.

## 4.    The Court has broad discretion to enter default judgment.

The court has "broad discretion in deciding whether to grant or deny a default judgment." *Salomon v. Davis (In re Salomon)*, 2008 Bankr. LEXIS 4681, at *14 (B.A.P. 9th Cir. 2008) (citing *Robert Kubick et. al. v. FDIC (In re Kubick)*, 171 B.R. 658, 659 (B.A.P. 9th Cir. 1994). When considering entry of a default judgment, the court should consider the following factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Kubick v. FDIC (In re Kubick)*, 171 B.R. 658, 661-62 (B.A.P. 9th Cir. 1994) (quoting *Eitel v.McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)); *see also Newgen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016). "The court, prior to entry of a default judgment, has an independent duty to determine the sufficiency of a claim." *Kubick*, 171 B.R. at 662.

/ / /

MOTION FOR DEFAULT JUDGMENT
4928-9965-0442,v.2

As explained in this Memorandum of Points and Authorities and as evidenced by the Marshack Declaration, Diab Declaration, and attached documents, the claims for relief stated in the Complaint are well-founded and well-pleaded, and the damages request is supported by documentary evidence.

**5.    Defendant's liability is presumed upon entry of default.**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012); *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008).

In this case, on December 30, 2025, as Dk. No. 32, the Clerk of the Court entered the Default. *See* Marshack Declaration, Ex. 7. Therefore, the factual allegations of the Complaint are taken as true, and Defendant's liability has been established for purposes of this Motion. "[W]hen determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact." *Rancheria v. Howard*, 2022 U.S. Dist. LEXIS 2493, at *5 (E.D. Cal. 2022) (citing *Panning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978).

As such, Plaintiff need only prove an appropriate measure of damages to obtain the relief sought in the Complaint. To the extent required given that the complaint seeks to avoid, recover, and preserve the subject Transfers, Plaintiff has provided additional evidence, supported by the Marshack Declaration and Diab Declaration, to prove-up the amount of such Transfers.

**6.    Plaintiff is entitled to the entry of default judgment pursuant to the Complaint.**

**A.    Factual background supporting the Claims for Relief asserted in the Complaint**

The Complaint alleged that in the four-year period prior to bankruptcy, Debtor and Vulcan made 18 transfers of Debtor's money to Defendant totaling $222,082.60 and that in the post-petition period, VP made 1 transfer of Debtor's money to Defendant totaling $12,011.75. *See also*, Marshack Declaration, Ex. 4, ¶ 2. The Trustee has thus provided admissible evidence as to the amount of the Transfers.

/ / /

/ / /

/ / /

/ / /

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

**B.      Debtor's actual intent to defraud its creditors is conclusively established by entry of Defendant's default and because Debtor operated a Ponzi scheme.**

"The mere existence of a Ponzi scheme is sufficient to establish the debtor's actual intent to hinder, delay, or defraud creditors under § 548(a)(1) or a state's equivalent fraudulent transfer statute." *Castaldi v. Schwartzer* (*In re Welscorp, Inc.*), 2023 Bankr. LEXIS 1801, at *18-19 (9th Cir. BAP 2023) (citing *Johnson v. Neilson* (*In re Slatkin*), 525 F.3d 805, 814 (9th Cir. 2008); *Barclay v. Mackenzie* (*In re AFI Holding, Inc.*), 525 F.3d 700, 704 (9th Cir. 2008); *Hayes v. Palm Seedlings Partners-A* (*In re Agric. Research & Tech. Grp., Inc.*), 916 F.2d 528, 534-35 (9th Cir. 1990); *In re Cohen*, 199 B.R. at 717). "Knowledge to a substantial certainty constitutes intent in the eyes of the law, cf. Restatement (Second) of Torts § 8A (1963 & 1964), and a debtor's knowledge that future investors will not be paid is sufficient to establish his actual intent to defraud them." *Merrill v. Abbott* (*In re Independent Clearing House Co.*), 77 B.R. 843, 860 (D. Utah 1987). A trustee in bankruptcy is not required to show that an operator of a Ponzi scheme was subjectively aware his Ponzi scheme was destined to fail. *In re EPD Inv. Co., LLC*, 114 F.4th at 1153 (9th Cir. 2024).

Since the transfers by Debtor and Vulcan/VP to third parties, including Defendant, were made with the intent to further the Ponzi scheme (*see* Complaint at ¶¶ 23-26), the Debtor did not receive an objectively reasonable equivalent value for such transfers, and the Trustee can avoid any such transfers because they were fraudulent. Defendant's default results in this allegation being accepted as true.

**C.      Debtor's actual intent to defraud its creditors can be ascertained through the presence of various badges of fraud.**

The focus in the inquiry into actual intent is on the state of mind of the debtor. *Plotkin v. Pomona Valley Imports* (*In re Cohen*), 199 B.R. 709, 716 (9th Cir. BAP 1996); *Picard v. Merkin* (*In re Bernard L. Madoff Inv. Secs. LLC*), 2011 U.S. Dist. LEXIS 97647, at *20 (Bankr. S.D.N.Y. 2011) ("[C]laims for actual fraudulent transfer under the Bankruptcy Code and under the NYDCL are determined by reference to the fraudulent intent of the debtor-transferor; allegations of the transferee's fraudulent intent are not relevant at this stage.") In determining actual intent, consideration may be given, among other factions, to any or all of the following:

MOTION FOR DEFAULT JUDGMENT
4928-9965-0442,v.2

(1) Whether the transfer or obligation was to an insider.
(2) Whether the debtor retained possession or control of the property transferred after the transfer.
(3) Whether the transfer or obligation was disclosed or concealed.
(4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
(5) Whether the transfer was of substantially all the debtor's assets.
(6) Whether the debtor absconded.
(7) Whether the debtor removed or concealed assets.
(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.
(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

*See* Cal. Civ. Code § 3439.04(b).

There is no mathematical formula or minimum number of factors necessary to establish intent. The presence of only one or two badges of fraud may be enough to support a finding of intentional fraud. *See Filip v. Bucurenciu*, 129 Cal.App.4th 825, 834 (2005).

> **a.    Debtor had been sued or threatened with suit before some or all of the Transfers occurred.**

Debtor's Statement of Financial Affairs, filed on April 4, 2023, as Dk. No. 34, reflects 15 pending lawsuits against Debtor as of the Petition Date. Complaint, ¶ 31. The lawsuits date back to October 18, 2021 (*Fundura v. The Litigation Practice Group P.C. et al.*, Supreme Court of New York Index No. 613192-2021) and are as recent as March 10, 2023 (*Diverse Capital LLC v. The Litigation Practice Group P.C. et al.*, Supreme Court of New York Index No. 135614-2023). *Id.*

In addition, on October 7, 2021, Debtor was sued for breach of contract by Liberty Fund Group LLC, Supreme Court of New York Index No. 612800-2021. *See* Complaint, ¶¶ 51, 79. Finally, as Debtor's pool of investors began to dry up, Debtor became increasingly unable to pay its debts and a variety of lawsuits from Debtor's creditors were initiated, including Naz II Holding, LLC and Validation Partners LLC. *See* Complaint, ¶ 31.

/ / /

MOTION FOR DEFAULT JUDGMENT
4928-9965-0442,v.2

**b.      Debtor removed and concealed assets and, to the extent the Transfers were made by Vulcan/VP, Debtor also concealed the Transfers.**

Prior to bankruptcy, Debtor fraudulently used Vulcan/VP to hide its assets from its creditors. Complaint, ¶ 16. By placing its assets with Vulcan/VP, the Debtor actively hid its assets from its creditors.

**c.      The Diab Entities are insiders of Debtor.**

"[I]nsider status may be based on a professional or business relationship with the debtor, in addition to the Code's *per se* classifications, where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than the course of business dealings between the parties." *In re Friedman*, 126 B.R. 63, 70 (B.A.P 9th Cir. 1991). The Diab Entities were created and/or controlled by Debtor's insiders for the purpose of keeping Debtor's assets away from Debtor's creditors. Complaint, ¶ 16.

**d.      Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers.**

The Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers totaling $222,082.60. Complaint, ¶¶ 34, 39. Debtor's books and records do not indicate that Debtor received any benefit in exchange for the Fraudulent Transfers executed by the Diab Entities. Marshack Decl., ¶ 21. Rather, based on the documentary evidence available to Plaintiff, the Fraudulent Transfers executed by the Diab Entities provided no quantifiable benefit to the Debtor. Complaint, ¶ 58. As for the Transfers executed by VP, all funds in VP's bank accounts were funds raised for the Debtor's illegal purchase of files from cappers. Marshack Decl., ¶ 22. Thus, the Fraudulent Transfers were made without valuable consideration while Debtor was incurring significant liabilities that rendered it insolvent, which weighs in favor of the Court finding actual intent to defraud Debtor and its creditors. *See* Complaint, ¶¶ 38-39.

/ / /

/ / /

/ / /

/ / /

11

MOTION FOR DEFAULT JUDGMENT

**e.      The Fraudulent Transfers occurred shortly before and shortly after a substantial debt was incurred.**

Debtor's Schedule E/F, filed on April 4, 2023, as Dk. No. 33, lists: (a) 11 unsecured creditors with priority unsecured claims totaling $374,060.04; and (b) 58 nonpriority unsecured creditors with scheduled claims totaling $141,439,158.05. Complaint, ¶ 27.

The claims register in this Bankruptcy Case includes 2,554 proofs of claim, totaling in excess of $424 million of claims asserted against the Estate. Complaint, ¶ 28.

At least 14 UCC-1 statements were of record securing alleged debts of the Debtor as of the Petition Date. Complaint, ¶ 29. These statements either reflected secured liens against the Debtor's assets then owned or thereafter acquired or provided evidence of the assignment or sale of substantial portions of the Debtor's future income. *Id.* They secured the repayment of the following claimed amounts that are currently known to Trustee and are allegedly owed by the Debtor: (a) $2,374,004.82 owed to Fundura Capital Group as evidenced by Proof of Claim No. 335 purportedly secured by a UCC statement filed on or about May 19, 2021; (b) approximately $15 million dollars owed to MNS Funding, LLC as evidenced by Proof of Claim No. 1060 purportedly secured by a UCC statement filed on or about May 28, 2021; (c) approximately $5,000,000 owed to Azzure Capital, LLC as evidenced by Proof of Claim No. 127 purportedly secured by a UCC statement filed on or about May 28, 2021; and (d) approximately $1.5 million dollars owed to Diverse Capital, LLC purportedly secured by UCC statements filed on or about September 15, 2021, and December 1, 2021. *Id.*

**f.      Debtor was insolvent at the time of the Transfers.**

Insolvency is presumed as a matter of law where, as in this Bankruptcy Case, the debtor operated a Ponzi scheme. *See, e.g., Glob. Money Mgmt., L.P. v. McDonnold*, 2008 U.S. Dist. LEXIS 128733, at *15 (S.D. Cal. Feb. 27, 2008) (concluding that "if a Ponzi scheme is proven, then the debtor is proven insolvent from the time of its inception"). Moreover, Debtor's balance sheets for the 36 months ending December 31, 2021, show approximately $17,900,000 in total assets at its highest point in November 2021. Complaint, ¶ 30. This amount is significantly less than the $500+ million of claims filed in this bankruptcy case. *Id.* This Court has recognized that Debtor was insolvent due to the "numerous UCC-1 statements filed against Debtor, the amounts allegedly owed to the holders of those financing statements,

12

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

as well as the fact that Debtor's claim register shows that over $500,000,000 is sought by creditors, all while Debtor's assets, at its highest point in November 2021, were shown to be worth only approximately $17,900,000." *See, e.g.,* JGW Order, pg. 18.

As such, Debtor was insolvent when the Transfers occurred as evidenced by: (a) the Ponzi scheme presumption; (b) the JGW Order; (c) the 14 UCC-1 statements reflecting secured liens against the Debtor's owned and after-acquired assets and the assignment or sale of substantial portions of the Debtor's future income; (d) the priority and non-priority unsecured debt of nearly $142 million listed in Debtor's schedules; (e) the $500+ million of creditor claims filed in this Bankruptcy Case; and (f) Debtor's balance sheets reflecting, at its highest point, $17.9 million of assets in November 2021.

### D.     Debtor was indebted to many creditors in amounts beyond its ability to pay at the time of the Fraudulent Transfers.

A Ponzi scheme is characterized as "borrow[ing] from Peter to pay Paul" because the fraud consists of funneling money from new investors to pay old investors while cultivating the illusion of a legitimate profit-making business. *Kirkland v. Rund (In re EPD Inv. Co., LLC),* 114 F.4th 1148, 1156 (9th Cir. 2024) (citing *United States v. Rasheed*, 663 F.2d 843, 849 n.1 (9th Cir. 1981)). Because Debtor was a Ponzi scheme, by its very nature it was indebted to one or more creditors from its inception. *See* Complaint, ¶¶ 50, 69, 78, 96. Thus, at the time of the Fraudulent Transfers and on the Petition Date, Debtor was indebted to one or more creditors that held a claim against Debtor in amounts beyond Debtor's ability to pay. *See* Complaint, ¶¶ 68, 94. For the same reason, it is clear that at the time the Fraudulent Transfers were made, Debtor was engaged in business for which Debtor's remaining assets were unreasonably small. *See* Complaint, ¶¶ 67, 93. Also for the same reason, Debtor incurred substantial debt shortly before or after the Transfers occurred. *See* Complaint, ¶¶ 52, 80. Specifically, Debtor was constantly soliciting "lenders" or "investors" who loaned money to the Debtor hoping for very high returns on their investments. *See* Complaint, ¶ 23.

/ / /

/ / /

/ / /

/ / /

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

**E.      First Claim for Relief Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code § 3439 *et seq.*]**

Under 11 U.S.C. § 544, the bankruptcy trustee may avoid the transfer of an interest of the debtor which is voidable under applicable state law by an unsecured creditor of the debtor. Under California Civil Code § 3439.04, a transfer made by a debtor is fraudulent as to a creditor if the transfer is made with actual intent to hinder, delay, or defraud any creditor of the debtor. When alleging actual intent to defraud, a creditor must bring the claim within four years after the transfer was made, or, if later, within one year of when the transfer was or reasonably could have been discovered by the claimant. *See* Cal. Civ. Code § 3439.09.

In the Complaint, Plaintiff submitted well-pleaded allegations to establish that the Fraudulent Transfers are subject to avoidance as actual fraudulent transfers. The earliest Fraudulent Transfer occurred on December 23, 2021, which is within four years of the Petition Date, March 20, 2023. *See* Marshack Declaration, Ex. 1 pg. 1; Complaint, ¶ 34. The Fraudulent Transfers effectuated a transfer of an interest of Debtor in property because Defendant received funds belonging Debtor. Complaint, ¶¶ 1-2.

The mere existence of a Ponzi scheme establishes that a debtor actually intended to defraud its creditors. *See e.g., Burkart v. Bisessar (In re Singh)*, 2015 Bankr. LEXIS 1440, at *32 (Bankr. E.D. Cal. Apr. 22, 2015). The Fraudulent Transfers were made with actual intent to defraud Debtor's creditors because they were executed in furtherance of Debtor's illegal scheme. Complaint, ¶ 24. The well-pleaded allegation that Debtor was a Ponzi scheme, along with the fact that the Fraudulent Transfers furthered Debtor's criminal enterprise, establishes that the Fraudulent Transfers were actually fraudulent. Complaint, ¶ 26. As explained above, at least six badges of fraud are evident, especially that the Fraudulent Transfers were made without reasonably equivalent value at a time when Debtor was insolvent. In the context of a Ponzi scheme, transfers of a debtor's funds cannot be for reasonably equivalent value. The nature of a Ponzi scheme establishes that an entity is insolvent from its inception. It is indisputable that Debtor's liabilities substantially exceeded Debtor's assets at the time of the Fraudulent Transfers. Complaint, ¶ 30. Finally, the Complaint's allegation that the Fraudulent Transfers were made with actual intent to defraud must be taken as true.

Thus, this Court should allow Plaintiff to avoid, recover, and preserve the Fraudulent Transfers under 11 U.S.C. §§ 544, 550, and 551, and California Civil Code § 3439 et seq. as actual fraudulent transfers.

## F.   Second Claim for Relief Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer [11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code § 3439 et seq.]

Under 11 U.S.C. § 544, the bankruptcy trustee may avoid the transfer of an interest of the debtor which is voidable under applicable state law by an unsecured creditor of the debtor. Under California Civil Code § 3439.05, a transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made if the transfer was made without receiving reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer. A creditor must bring a claim for constructive fraudulent transfer within four years after the transfer was made, or, if later, within one year of when the transfer was or reasonably could have been discovered by the claimant. See Cal. Civ. Code at § 3439.09.

In the Complaint, Plaintiff submitted well-pleaded allegations to establish that the Fraudulent Transfers are subject to avoidance as constructive fraudulent transfers. As discussed above, Debtor did not receive reasonably equivalent value for the Fraudulent Transfers and the Fraudulent Transfers were made at a time when Debtor was insolvent. See Complaint, ¶¶ 32, 38-39, 56-57, 64-66, 71, 84-85, 91-92. There is further evidence that at the time of the Fraudulent Transfers, Debtor's capital was unreasonably small in relation to its business, Debtor was indebted to one or more creditors, and Debtor incurred debts beyond its ability to repay. See Complaint, ¶¶ 50, 67-69, 78, 93-94, 96. The first Transfer occurred on December 23, 2021, which is within four years of the Petition Date, March 20, 2023. See Marshack Declaration, Ex. 1 pg. 1; Complaint, ¶ 34. Thus, this Court should allow Plaintiff to avoid, recover, and preserve the Fraudulent Transfers for the benefit of the Estate under 11 U.S.C. §§ 544, 550, and 551, and California Civil Code § 3439 et seq. as constructive fraudulent transfers.

/ / /

/ / /

/ / /

**G.    Third Claim for Relief Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer [11 U.S.C. §§ 548(a)(1)(A), 550 & 551]**

Under 11 U.S.C. § 548(a)(1)(A), the trustee may avoid any transfer of an interest of the debtor in property within two years before the petition date if the debtor voluntarily or involuntarily made such transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made. *See* 11 U.S.C. § 548(a)(1)(A).

As discussed above with regard to the First Claim for Relief, the Complaint contains well-pleaded allegations that establish that the Fraudulent Transfers are subject to avoidance as actual fraudulent transfers. In addition, Plaintiff's Complaint alleged that Debtor made one or more of the Fraudulent Transfers within two years of the Petition Date. *See* Marshack Declaration, Ex. 4, ¶¶ 76, 90; Complaint ¶¶ 76, 90. Thus, this Court should allow Plaintiff to avoid, recover, and preserve the Fraudulent Transfers, or the value of the Fraudulent Transfers, for the benefit of the Estate under 11 U.S.C. §§ 548, 550, and 551 as actual fraudulent transfers.

**H.    Fourth Claim for Relief Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer [11 U.S.C. §§ 548(a)(1)(B), 550 & 551]**

Under 11 U.S.C. § 548(a)(1)(B), the trustee may avoid any transfer of an interest of the debtor in property within two years before the petition date if the debtor voluntarily or involuntarily received less than reasonably equivalent value in exchange for such transfer or obligation and was insolvent on the date that such transfer was made, or became insolvent as a result of such transfer.

As discussed above with regard to the Second Claim for Relief, the Complaint contains well-pleaded allegations to establish that that the Fraudulent Transfers are subject to avoidance as constructive fraudulent transfers because they were made for less than reasonably equivalent value and that Debtor was insolvent on the date of the Transfers or became insolvent as a result of the Fraudulent Transfers. *See* Complaint, ¶¶ 32, 38-39, 56-57, 64-66, 71, 84-85, 91-92. In addition, the Complaint alleged that the one or more of the Fraudulent Transfers were made within two years of the Petition Date. *See* Marshack Declaration, Ex. 4, ¶¶ 76, 90; Complaint, ¶¶ 76, 90. Thus, this Court should allow Plaintiff to avoid, recover, and preserve the Fraudulent Transfers, or the value of the Fraudulent Transfers, for the benefit of the Estate under 11 U.S.C. §§ 548, 550, and 551 as constructive fraudulent transfers.

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

## I.    Fifth Claim for Relief for Avoidance, Recovery, and Preservation of Unauthorized Post-Petition Transfer [11 U.S.C. §§ 549, 550, and 551]

Under 11 U.S.C. § 549, the bankruptcy trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and is not authorized under Title 11 or by order of the Court.

The Complaint contains well-pleaded allegations that establish that the Post-Petition Transfer is subject to avoidance as a post-petition transfer. Specifically, in the post-petition period, Diab Entity (Validation Partners) made a transfer of Debtor's money to Defendant totaling $12,011.75. *See* Marshack Declaration, Ex. 4, ¶ 35; Complaint ¶ 35. The Trustee has thus provided admissible evidence as to the amount of the post-petition transfer.

The Post-Petition Transfer to Defendant occurred on May 25, 2023, which is after the petition date. *See* Complaint ¶¶ 35. The Post-Petition Transfer was not authorized under Title 11 or by the Court. Marshack Declaration, ¶ 23; Complaint ¶ 37. Thus, taking the allegations in the Complaint as true, Plaintiff is entitled to avoid, recover, and preserve the Post-Petition Transfer for the benefit of the Estate as an unauthorized post-petition transfer of property of the Estate under 11 U.S.C. §§ 549, 550, and 551.

## J.    Sixth Claim for Relief Disallowance of Claim [11 U.S.C. § 502(d)]

Section 502(d) provides: "Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title." Here, Defendant has not paid or turned over any amounts or property due to Debtor pursuant to the Transfers. Marshack Declaration, ¶ 25. Thus, this Court should enter judgment against Defendant for disallowance of claims pursuant to 11 U.S.C. § 502(d).

## K.    Pre-judgment interest is appropriate.

When entering default judgment, the court may "determine the amount of damages." Fed. R. Civ. Proc. 55(b)(2)(B). "A person is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled to recover interest thereon from that day…" Cal. Civ. Code § 3287(a). The Court also has the discretion to

17

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

award prejudgment interest for unliquidated damages. See Cal. Civ. Code § 3287(b). "Once the district court has identified the avoidance transfers, it has the discretion to permit the receiver to recover pre-judgment interest on the fraudulent transfers from the date each transfer was made." *Donell v. Kowell*, 533 F.3d 762, 772 (9th Cir. 2008). "The applicable rate for prejudgment interest is determined depending on the substantive basis for Plaintiff's claim – here, California law. The applicable interest rate under California law is 7%." *Jeffrey E. Brandlin, Inc. v. Do*, 2022 U.S. Dist. LEXIS 107740, at *10 (C.D. Cal. Jan. 26, 2022) (citations omitted); Cal. Const. Art. XV.

The prayer for relief in the complaint requests that the Court award prejudgment interest at the maximum rate allowed by law. Complaint Prayer, ¶ 14-15. As set forth above, the damages to Debtor include the loss of the value of the Transfers. Thus, the Court may award prejudgment interest at a rate of 7% per annum from the date of the Transfers as actual compensatory damages.

## 7.   Request for Dismissal of the Doe Defendants

Under Federal Rule of Civil Procedure 41(a), "the plaintiff may dismiss an action without a court order by filing…a notice of dismissal before the opposing party serves wither an answer or a motion for summary judgment[.]" Fed. R. Civ. Proc. 41(a)(1)(A)(i). "Rule 41(a)(1) allows a plaintiff to dismiss without court order any defendant who has yet to serve an answer or a motion for summary judgment." *Pedrina v. Han Kuk Chun*, 987 F.2d 608, 609 (9th Cir. 1993). In essence, courts within the Ninth Circuit interpret the rule as "allow[ing] the dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from the entire action." *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (emphasis in original).

"As a general rule, the use of 'John Doe' to identify a defendant is not favored. However, situations arise…where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the known defendants[.]" *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citations omitted). Here, Defendant has failed to file a responsive pleading to the Complaint and Plaintiff has not been able to engage in discovery by which he may have been able to ascertain the identity of the Doe Defendants. Marshack Declaration, ¶ 24. Because Plaintiff has been unable to ascertain the named

/ / /

4928-9965-0442,v.2

identities of the Doe Defendants due to the lack of discovery, Plaintiff requests that the Doe Defendants be dismissed from this Adversary Proceeding without prejudice.

**8.     To the extent the Motion is not granted, the deadline to file non-discovery motions should be continued.**

Pursuant to 11 U.S.C. § 105(a), a bankruptcy court has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy courts have original and exclusive jurisdiction to enforce their own orders. *See In re Birting Fisheries, Inc.*, 300 B.R. 489, 499 (B.A.P. 9th Cir. 2003). This grant of authority includes the ability to modify the dates in the Procedures Order.

Currently, the date by which all non-discovery motions must be heard is one week prior to the applicable status conference date. For matters between $150,000 and $500,000, status conferences are being held beginning on April 23, 2026.  The status conference in this matter has been set for May 7, 2026, making the last date that a non-discovery motion may be heard: April 30, 2026.[9] To the extent that the Motion is not granted, Plaintiff respectfully requests that the deadline for non-discovery motions to be filed be continued sixty days, to June 29, 2026, to allow Plaintiff to address and rectify any potential deficiencies identified by the Court. Defendant will not suffer any prejudice as a result of continuing the deadline because it has not participated in this adversary case. If Defendant also does not respond to this Motion, the lack of response should be deemed Defendant's consent to the extension requested herein. *See* Local Bankruptcy Rule 9013-1(f)(3) ("The failure of the responding party to raise its objection or challenge in a Response will be deemed consent to the bankruptcy court's authority to enter a final order on the underlying motion.")

**9.     Conclusion**

Based on the foregoing, Plaintiff respectfully requests that default judgment be entered in favor of Plaintiff and against Defendant as follows:

/ / /

---

[9] However, Plaintiff recognizes that the Court is scheduled to be dark for the entirety of that week. As such, motions would need to be heard on April 16, 2026.

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

**First Claim for Relief**

1.    For avoidance of the Fraudulent Transfers as actual fraudulent transfers under 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04 and 3439.07;

2.    For recovery of the value of the Fraudulent Transfers, totaling $222,082.60, under 11 U.S.C. § 550;

**Second Claim for Relief**

3.    For avoidance of the Fraudulent Transfers as constructive fraudulent transfers under 11 U.S.C. § 544 and Cal. Civ. Code §§ 3439.05 and 3439.07;

4.    For recovery of the value of the Fraudulent Transfers, totaling $222,082.60, under 11 U.S.C. § 550;

**Third Claim for Relief**

5.    For avoidance of the Fraudulent Transfers as actual fraudulent transfers under 11 U.S.C. § 548;

6.    For recovery of the value of the Fraudulent Transfers, totaling $222,082.60, under 11 U.S.C. § 550;

**Fourth Claim for Relief**

7.    For avoidance of the Fraudulent Transfers as constructive fraudulent transfers under 11 U.S.C. § 548;

8.    For recovery of the value of the Fraudulent Transfers, totaling $222,082.60, under 11 U.S.C. § 550;

**Fifth Claim for Relief**

9.    For avoidance of the Post-Petition Transfer under 11 U.S.C. § 549;

10.    For recovery of the value of the Post-Petition Transfer, totaling $12,011.75, under 11 U.S.C. § 550;

**Sixth Claim for Relief**

11.    That any claim of Defendant against the Estate be disallowed in its entirety unless or until Defendant timely repays the avoidable Transfers;

/ / /

20

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

## On All Claims for Relief

12. That all avoided Transfers be preserved pursuant to 11 U.S.C. § 551;

13. For pre-judgment interest at the maximum rate allowed by law;

14. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), the Doe Defendants are dismissed in this action, without prejudice;

15. For costs incurred by Plaintiff in prosecuting this action; and

16. For such other and further relief as the Court may deem just and proper.

DATED:  May 4, 2026                              MARSHACK HAYS WOOD LLP


                                         By:   _/s/ Chad V. Haes_
                                               CHAD V. HAES
                                               Attorneys for Richard A. Marshack,
                                               Plaintiff and Trustee of The LPG Liquidation Trust

MOTION FOR DEFAULT JUDGMENT
4928-9965-0442,v.2

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.    I am an individual over 18 years of age and competent to make this Declaration.

2.    I am the former Chapter 11 Trustee for the bankruptcy estate ("Estate") of The Litigation Practice Group, P.C. ("Debtor") and the current Liquidating Trustee for the LPG Liquidation Trust (collectively, "Trustee").

3.    I make this declaration in support of this Motion for Default Judgment ("Motion"). All capitalized terms not otherwise defined in this declaration shall have the meaning ascribed to them in the Motion.

4.    Except as otherwise indicated, this Declaration is based upon my personal knowledge, my review of relevant documents, or upon information supplied to me by my employees or other professionals or consultants. If called as a witness, I could and would competently testify to the matters set forth in this Declaration.

5.    I am informed and believe that Defendant is not an infant or incompetent person and is not on active duty in the armed forces of the United States.

6.    In the four-year period prior to the Petition Date, Debtor and Vulcan Consulting Group LLC dba DRD transferred no less than $222,082.60 to Defendant. A true and correct copy of the bank statements evidencing the Fraudulent Transfers is attached here as **Exhibit 1**.

7.    In the post-petition period, Validation Partners LLC transferred no less than $12,011.75 to Defendant. A true and correct copy of the bank statements evidencing the Transfers is attached here as **Exhibit 2**.

8.    On March 20, 2023 ("Petition Date"), Debtor filed a petition for bankruptcy under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy case no. 8:23-bk-10571-SC ("Bankruptcy Case").

9.    On May 8, 2023, I accepted my appointment as Chapter 11 Trustee of the Debtor's estate.

10.    Effective September 24, 2024, I became the Liquidating Trustee of the LPG Liquidation Trust, pursuant to the Order Confirming Modified First Amended Joint Chapter 11 Plan of Liquidation

/ / /

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

entered September 9, 2024, and the Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation filed September 24, 2024.

11. On April 10, 2025, I filed a Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by the Trustee's General Counsel ("Procedures Motion").

12. On April 28, 2025, the Court entered an order granting the Procedures Motion ("Procedures Order"). A true and correct copy of the Procedures Order is attached here as **Exhibit 3**.

13. On March 7, 2025, I filed an adversary complaint against Defendant Vercy L.L.C initiating adversary proceeding number 8:25-ap-01094-SC ("Adversary Proceeding").

14. On September 20, 2025, I filed an amended complaint ("Complaint") against Defendant. A true and correct copy of the Complaint is attached here as **Exhibit 4**.

15. A true and correct copy of the conformed executed Summons is attached here as **Exhibit 5**.

16. The last day for Defendant to file and serve a responsive pleading to the Complaint was October 11, 2025. To date, Defendant has failed to respond to the Complaint.

17. A true and correct copy of the Request is attached here as **Exhibit 6**.

18. A true and correct copy of the Default is attached here as **Exhibit 7**.

19. Defendant has failed to plead or otherwise defend this Adversary Proceeding.

20. I now seek entry of default judgment against Defendant.

21. Debtor's books and records do not indicate that Debtor received any benefit in exchange for the Transfers executed by Validation Partners LLC or Vulcan Consulting Group LLC dba DRD.

22. All funds in Validation Partners LLC's bank accounts were funds raised for the Debtor's illegal purchase of client files from cappers.

23. My counsel conducted a search of the case docket for defendant's name which did not yield any results other than the commencement of this adversary proceeding.

24. Defendant has failed to file a responsive pleading to the Complaint and Plaintiff has not been able to engage in discovery by which I may have been able to ascertain the identity of the Doe Defendants.

///

23

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

25. Defendant has not paid or turned over any amounts or property due to Debtor pursuant to the Transfers.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 25, 2026.

_____
RICHARD A. MARSHACK

MOTION FOR DEFAULT JUDGMENT

4928-9965-0442,v.2

# Exhibit "1"



P.O. Box 15284
Wilmington, DE 19850

**Business Advantage**

**Customer service information**

📱 1.888.BUSINESS (1.888.287.4637)

✏️ bankofamerica.com

✉️ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

VULCAN CONSULTING GROUP LLC
DBA DRD
20101 SW CYPRESS ST
NEWPORT BEACH, CA  92660-0713

🔔 | Please see the **Important Messages - Please Read** section of your statement for important details that could impact you.

# Your Business Advantage Relationship Banking

for May 1, 2023 to May 31, 2023                    Account number: ███████ 9551

**VULCAN CONSULTING GROUP LLC     DBA DRD**

## Account summary

**REMEMBER**

## You've got a banking partner ready to help.

As your dedicated Small Business Banker, I'm here to help with all of your business's financial needs and priorities.

BUSINESS ADVANTAGE

**Contact me today.**

Kenya Vasquez
949.541.8661
kenya.vasquez@bofa.com

SSM-08-22-0105.B  |  4878868

**BANK OF AMERICA**

**Your checking account**

VULCAN CONSULTING GROUP LLC   |   Account # ▮▮▮▮▮▮ 9551   |   May 1, 2023 to May 31, 2023

## Withdrawals and other debits - continued

| Date | Description | Amount |
|---|---|---|



| 05/25/23 | Online Banking Transfer Conf# oh7yjcump; VERCY L.L.C. | -12,011.75 |

*continued on the next page*

# Exhibit "2"

 **UnionBank**

**STATEMENT
OF ACCOUNTS**

Page 1 of 37
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ████ 4858
12/01/21 - 12/31/21

UNION BANK
SAN CLEMENTE 0048
P.O. BOX 60368
PHOENIX                AZ  85082-0368

Customer Inquiries
949-492-8090

Thank you for banking with us
since 2020

**THE LITIGATION PRACTICE GROUP PC
17542 E 17TH STREET SUITE 100
TUSTIN CA 92780**

■

## Analyzed Business Checking Summary

Account Number: ████ 4858

Days in statement period: Days in statement period: 31

██████████████████████████████

## C R E D I T S

**Deposits** *including check and cash credits*

| Date | Description/Location | Reference | Amount |
|---|---|---|---|
| ██████████████████████████████ | | | |

**Electronic credits**

| Date | Description/Location | Reference | Amount |
|---|---|---|---|
| ██████████████████████████████ | | | |

## SLIP SHEET

Only the first page of each monthly bank statement, and those pages reflecting transactions relevant to the issues in this matter, are being produced.

Pages containing no relevant transactions have been withheld because they would consist entirely of redactions and would not provide any meaningful information.

Unredacted copies of the complete statements can be made available upon reasonable request.

Page 23 of 37
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ████4858
12/01/21 - 12/31/21

**Electronic debits**

| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|



| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 12/23 | WIRE TRANS TRN 1223024539 122321<br>UBOC UB341376N<br>Sent To:<br>  VERCY L.L.C.<br>Beneficiary: | | 93059047 | 248.18 |

Exhibit "2"

Page 29

Page 31 of 37
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ▆▆▆▆4858
12/01/21 - 12/31/21

**Electronic debits**

| Date | Description | Number | Reference | Amount |
|---|---|---|---|---|
| 12/31 | WIRE TRANS TRN 1231023020 123121 UBOC UB305985N<br>Sent To:<br>  VERCY L.L.C.<br>Beneficiary: | | 93054571 | 222.32 |

Exhibit "2"
Page 30



**STATEMENT
OF ACCOUNTS**

UNION BANK
SAN CLEMENTE 0048
P.O. BOX 60368
PHOENIX                AZ  85082-0368

Page 1 of 34
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ▆▆▆4858
01/01/22 - 01/31/22

Customer Inquiries
949-492-8090

Thank you for banking with us
since 2020

**THE LITIGATION PRACTICE GROUP PC
17542 E 17TH STREET SUITE 100
TUSTIN CA 92780**

**Analyzed Business Checking Summary**                    Account Number: ▆▆▆4858

**C R E D I T S**

**Deposits** *including check and cash credits*

| Date | Description/Location | Reference | Amount |
|------|---------------------|-----------|--------|

**Electronic credits**

| Date | Description/Location | Reference | Amount |
|------|---------------------|-----------|--------|

Page 12 of 34
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ▓▓▓▓4858
01/01/22 - 01/31/22

## Electronic debits

| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|



| 1/13 | WIRE TRANS TRN 0113021430 011322 UBOC UB246663N Sent To: VERCY L.L.C. Beneficiary: | | 93057180 | 764.23 |

Exhibit "2"
Page 32

**Electronic debits**



| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 1/21 | WIRE TRANS TRN 0121016107 012122 UBOC UB211026N | | 93053979 | 355.52 |

**Electronic debits**

| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| | Sent To: | | | |
| | VERCY L.L.C. | | | |
| | Beneficiary: | | | |

Page 29 of 34
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ▮▮▮▮4858
01/01/22 - 01/31/22

**Electronic debits**

| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|



| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 1/28 | WIRE  TRANS  TRN  0128019420  012822 UBOC UB170058N<br>Sent To:<br>  VERCY L.L.C.<br>Beneficiary: | | 93055628 | 1,639.15 |

 **UnionBank**

## STATEMENT OF ACCOUNTS

UNION BANK
SAN CLEMENTE 0048
P.O. BOX 60368
PHOENIX              AZ  85082-0368

Page 1 of 19
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ▮▮▮▮4858
02/01/22 - 02/28/22

Customer Inquiries
949-492-8090

Thank you for banking with us
since 2020

**THE LITIGATION PRACTICE GROUP PC**
**17542 E 17TH STREET SUITE 100**
**TUSTIN CA 92780**

**Analyzed Business Checking Summary**                    Account Number: ▮▮▮▮4858



**C R E D I T S**

**Electronic credits**

| Date | Description/Location | Reference | Amount |
|------|--------------------|-----------|--------|

**Electronic debits**

| Date | Description | Number | Reference | Amount |
|---|---|---|---|---|
| | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | | | |
| 2/4 | WIRE TRANS TRN 0204022630 020422 UBOC UB131304N Sent To: VERCY L.L.C. Beneficiary: | | 93057065 | 1,011.94 |

Page 12 of 19
THE LITIGATION PRACTICE GROUP PC
**Statement Number:** ████ 4858
02/01/22 - 02/28/22

**Electronic debits**



| Date | Description | Number | Reference | Amount |
|------|-------------|--------|-----------|--------|
| 2/11 | WIRE TRANS TRN 0211017080 021122 UBOC UB103005N<br>Sent To:<br>  VERCY L.L.C.<br>Beneficiary: | 93054197 | | 955.86 |

# CHASE ⬡

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218 - 2051

October 01, 2022 through October 31, 2022

Account Number: ▮▮▮▮▮▮ 3158

## CUSTOMER SERVICE INFORMATION

**If you have any questions about your statement, please contact your Customer Service Professional.**



00004022 DDA 703 212  30522 NNNNNNNNNNN  1 000000000 80 0000

THE LITIGATION PRACTICE GROUP PC
17542 17TH ST STE 100
TUSTIN CA 92780-1981

## CHECKING SUMMARY    Commercial Checking

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|

Page 1 of 58

Exhibit "2"
Page 39



October 01, 2022 through October 31, 2022

Account Number: ████████ 3158

## CHECKS PAID  *(continued)*

| CHECK NUMBER | DATE PAID | AMOUNT | CHECK NUMBER | DATE PAID | AMOUNT |
|---|---|---|---|---|---|
| | | | 12163 | 10/31 | 65,376.92 |

**Total Checks Paid**

\* Checks may not appear on your bank statement because they have not yet cleared or appeared on a previous statement. Checks that cleared as an electronic withdrawal will be listed in the Electronic Withdrawals section of the statement. All checks included in the Checks Paid section are viewable as images on Chase.com.

Exhibit "2"
Page 40



FOR SECURITY PURPOSES, THE FACE OF THIS DOCUMENT CONTAINS A COLORED BACKGROUND AND MICROPRINTING IN THE BORDER

**The Litigation Practice Group**
P.O. Box 513018
Los Angeles, CA 90051-1018

Chase

12163

10/28/2022

PAY
TO THE
ORDER OF      Vercy LLC

$ **65,376.92

Sixty five thousand three hundred seventy six and 92/100************************************************************** DOLLARS

Vercy LLC
United States

MEMO
10.28.2022 File purchase            SECURITY FEATURES INCLUDED. DETAILS ON BACK.

AUTHORIZED SIGNATURE

⑆012163⑆  1627⑈  3158⑆

**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

LITIGATION PRACTICE GROUP PC
17542 17TH ST STE 100
TUSTIN, CA  92780-1981

Business Advantage

**Customer service information**

☐  1.888.BUSINESS (1.888.287.4637)

✎  bankofamerica.com

✉  Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

## Your Business Advantage Relationship Banking

for January 1, 2023 to January 31, 2023                Account number: ▮▮▮▮ 6538

**LITIGATION PRACTICE GROUP PC**

### Account summary

---

Go paperless. It's more secure.

BUSINESS ADVANTAGE

Reduce the risk of lost or stolen mail. Plus, you can view your statements securely and easily — online or from our mobile app — 24/7 from almost anywhere.

Simply use our **Mobile Banking app** or sign in to Business Advantage 360 and click on **Profiles & Settings** (in the upper right, next to Sign Out).

Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.

SSM-01-22-2806.B | 4019267

---

PULL: E   CYCLE: 67   SPEC: E   DELIVERY: E   TYPE:    IMAGE: I   BC: CA6

LITIGATION PRACTICE GROUP PC | Account # ████████ 6538 | January 1, 2023 to January 31, 2023

## Withdrawals and other debits - continued

| Date | Description | Amount |
|------|-------------|--------|

█████████████████████████████████████████████████████

| 01/17/23 | WIRE TYPE:WIRE OUT DATE:230117 TIME:0439 ET TRN:2023011300507692 SERVICE REF:007749 BNF:VERCY LLC ID:0033664582 BNF BK:MUFG UNION BANK , NA ID:122000496 PMT DET:421503946 01.13.23 WEEKL Y DISBURSEMENT | -695.48 |

█████████████████████████████████████████████████████

*continued on the next page*

# Exhibit "3"

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Liquidating Trustee,
RICHARD A. MARSHACK

**FILED & ENTERED**

**APR 28 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY mccall    DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter 11 |
| Debtor. | ORDER GRANTING MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL AND SUPERSEDING THE "ORDER RE: EARLY MEETING OF COUNSEL, STATUS CONFERENCE INSTRUCTIONS, AND GENERAL PROCEDURES" FILED IN EACH AFFECTED ADVERSARY PROCEEDING |
| And all Affected Adversaries. | |

Hearing:
 Date:  April 23, 2025
 Time:  1:30 p.m.
 Judge: Hon. Scott C. Clarkson
 Place:  Courtroom 5C
    411 W. Fourth Street
    Santa Ana, CA 92701

/ / /

/ / /

1

ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

The Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings brought by Trustee's General Counsel [Docket No. 2356] (the "Motion") filed on April 1, 2025, by Richard A. Marshack, in his capacity as the Trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust"), came on for hearing on April 23, 2025, at 1:30 p.m., the Honorable Scott C. Clarkson, presiding. Aaron E. de Leest of Marshack Hays Wood, LLP appeared for the Trustee. All other appearances are as set forth on the record at the hearing.

The Court having read and considered the Motion and the Court having jurisdiction to consider the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing that no other or further notice need be provided; and approval of the Motion being in the best interest of the Liquidation Trust, creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED that:

1.      The Motion is granted.

2.      The procedures, a copy of which is attached hereto ("Procedures"), are approved as modified herein and shall govern all parties to complaints filed by the Trustee's general counsel Marshack Hays Wood, LLP, since February 25, 2025 (the "Adversary Actions"), effective as of the date of this Order.

3.      This order shall be served on all defendants in the Adversary Actions and filed in each of the Adversary Actions. The Trustee shall file proof of service of the Procedures Order in each of the Adversary Actions.

4.      To be clear, the docket in each Adversary Action must be complete as a standalone docket and contain all relevant and applicable orders, instructions, and pleadings, without any party being required to search elsewhere.

5.      This order shall supersede the "Order Re: Early Meeting of Counsel, Status

2

ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

Conference Instructions, and General Procedures" filed in the Adversary Actions ("AP Orders") and the AP Orders are vacated as supplanted by the Procedures.

6.     This order shall not alter the Order entered at ECF Dkt. No. 2391, in this bankruptcy case (i.e., the Main Case, Case No: 8:23-bk-10571-SC).

7.     The Trustee shall lodge an order in each of the Adversary Actions for each status conference which is continued pursuant to application of the Procedures.

8.     This order modifies the section of the Procedures (§C) which provides that to the extent that the Trustee has any motions common to more than one Adversary Action, the Trustee as Plaintiff shall file such motion in the main case only; instead, the Trustee shall be required to file the motion in each affected Adversary Action.

9.     Any Rule 12 motions filed in response to the complaints shall be set for hearing after expiration of the August 20, 2025, Initial Period and prior to September 11, 2025. The following omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions are available:

August 21, 2025, at 1:30 p.m.

August 28, 2025, at 1:30 p.m.

September 4, 2025, at 1:30 p.m.

September 11, 2025, at 1:30 p.m.

If any Rule 12 motions have already been filed and will be continued as a result of application of the Procedures, the Trustee shall lodge an appropriate order in each of the Adversary Actions after consultation with the moving parties, who shall be required to approve the form of the lodged order.  The Court expects cooperation and civility between all parties.

**IT IS SO ORDERED.**

Date: April 28, 2025

Scott C. Clarkson
United States Bankruptcy Judge

3

ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

**PROCEDURES**

The procedures set forth below ("Procedures") shall govern the prosecution of complaints filed by General Counsel, Marshack Hays Wood LLP, for Richard A. Marshack, in his capacity as the Liquidating Trustee of the LPG Liquidation Trust ("Trustee") since February 25, 2025 (the "Adversary Actions") ("Adversary Actions").

## A.    Effect and Substance of the Procedures Order

All Defendants in the Adversary Actions will be served with a copy of the entered order granting the Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings filed by Trustee's General Counsel, Marshack Hays Wood LLP ("Procedures Order"). The Procedures Order shall supersede the AP Orders previously entered in the Adversary Actions and shall be binding on all parties. The Procedures Order will: (a) require all Defendants to timely file an answer or other responsive pleading; (b) stay all litigation until August 20, 2025 (i.e. the approximate first 120 days of the case); (c) require the parties to participate in a joint conference to discharge Rule 26 obligations; and (d) modify the discovery and other pretrial deadlines set forth in the "Order Re: Early Meeting of Counsel, Status Conference Instructions, and General Procedures" filed in the Adversary Actions ("AP Orders") so that the discovery cut-off and other deadlines are extended for approximately 60 days.

## B.    Responses to Complaint, 120-Day Stay, Joint Conference

i.     Responses to Complaint: All Defendants shall timely file a response to the Complaint. The Trustee shall have authority to grant a two-week extension of the deadline in writing without the need to file any stipulation with the Court. Any stipulation extending the response date beyond 14 days from the date on the summons must be filed with and approved by the Court.

ii.    120-day Stay – Initial Period: Except as otherwise permitted by the Procedures Order, all litigation and formal discovery in the adversary cases will be stayed through August 20, 2025 ("Initial Period").

iii.   Joint Conference: During the Initial Period, the parties shall attend a mandatory joint conference via Zoom or other videoconferencing technology, unless agreed otherwise in writing between the Trustee and the Defendant ("Joint Conference"). Within 26 days after entry of the Procedures Order, each Defendant or their counsel shall contact Trustee's counsel via e-mail to chaes@marshackhays.com, amamlyuk@marshackhays.com, cmendoza@marshackhays.com, and spineda@marshackhays.com to schedule the Joint Conference. The Joint Conference must be held within eight weeks after entry of the Procedures Order. The parties shall make all reasonable efforts to schedule a mutually agreeable Joint Conference date and time.

iv.    Rule 26 Disclosures: The parties shall be required to exchange the following Rule 26 documents and information at least 21 days prior to the Joint Conference:

4

ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

<u>Plaintiff</u>: The Trustee and his successors and assigns, in their capacity as plaintiffs in the Adversary Actions shall provide:

a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that are reasonably known to relate to the alleged claims or potential defenses, unless the use would be solely for impeachment; and

b.    After a good faith effort, given the Trustee's circumstances and limitations, identification, copies, or access to all documents, electronically stored information, and tangible things that the Trustee has in its possession, custody, or control and which are reasonably known to relate to the alleged claims or potential defenses, unless the use would be solely for impeachment.

<u>Defendants</u>: Any defendant in the Adversary Actions shall produce:

a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that are reasonably known to relate to the alleged claims or asserted defenses, unless the use would be solely for impeachment;

b.    Copies of all documents, electronically stored information, and tangible things that the defendant has in his/her possession, custody, or control and which are reasonably known to relate to the alleged claims or asserted defenses, unless the use would be solely for impeachment;

c.    To the extent any Defendant claims that he or she is financially incapable of responding to the demand in the Complaint and wants the Trustee to consider such claim in connection with settlement negotiations, such Defendant must also produce sworn financials including a balance sheet and income statement disclosing all assets, liabilities, income, and expenses. This production of financial information is not applicable to any defendant that does not want the Trustee to consider financial inability in connection with settlement negotiations;

d.    Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the Adversary Action or to indemnify or reimburse for payments made to satisfy the judgment; and

e.    Any entity (non-individual) named as a defendant in the Adversary Actions, whether active or terminated/dissolved, shall also produce a complete list of all members, shareholders, and officers.

v.    Discovery: After expiration of the August 20, 2025, Initial Period, the Parties may propound formal discovery. The deadline to complete discovery, including resolution of any discovery motions, shall be extended from the dates set forth in the AP Orders for approximately 60 days as follows:

5

ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

a.  <u>For Actions under $150,000</u>: From September 30, 2025, to December 3, 2025;

b.  <u>For Actions between $150,000-$500,000</u>: From November 30, 2025, to January 30, 2026; and

c.  <u>For Actions more than $500,000</u>: From November 30, 2025, to January 30, 2026.

vi.    <u>Motion Cut-off Dates</u>: The dates by which all non-discovery motions must be heard will be extended from the dates set forth in the AP Orders to the date that is one week prior to the applicable initial status conference.

vii.    <u>Status Conferences</u>: The Status Conferences set by the Court in the AP Orders shall be the initial status conferences and held in lieu of the status conferences set forth in the summonses and are continued for periods of at least 60 days to dates convenient to the Court as follows:

a.  <u>For Actions under $150,000</u>: From December 4, 2025, at 10:00 a.m. or 1:30 p.m. to a date that is on or after February 5, 2026;

b.  <u>For Actions between $150,000-$500,000</u>: February 19, 2026, at 10:00 a.m. or 1:30 p.m. to a date that is on or after April 23, 2026; and

c.  <u>For Actions more than $500,000</u>: March 12, 2026, at 10:00 a.m. or 1:30 p.m. to a date that is on or after May 14, 2026.

As set forth in the AP Orders, at the initial status conferences, the Court will determine when and whether a pretrial conference should be set or whether the matter should proceed directly to trial.

viii.    <u>Joint Status Report</u>: The Trustee shall include the results of the Joint Conference in the initial Status Report due 14 days prior to the status conference dates set by the Court.

ix.    <u>Failure to Prosecute Claims or Defenses</u>: The failure of any party to diligently prosecute their claims or defenses, including failing to timely comply with the Procedures Order, may result in the complaint or answer being stricken. Upon notice and a hearing, a party's failure to appear at the Joint Conference or otherwise comply with the Procedures Order, may result in any response to the Complaint being stricken and their default being entered.

## C.    Hearings on Rule 12 Motions, Timing for Dispositive Motions, and Motions Common to More than One Adversary Action

Any Rule 12 motions filed in response to the complaints shall be set for hearing after expiration of the August 20, 2025, Initial Period and prior to September 11, 2025. The Court shall set available omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions between August 20-September 11, 2025, in the Procedures Order.

6

ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

Additionally, no dispositive motion such as a motion for judgment on the pleadings or motion for summary judgment may be filed until after expiration of the August 20, 2025, Initial Period. Such scheduling will permit the Trustee to focus on settling adversaries to limit the number of remaining cases and for common issues to be identified addressed by the Parties and resolved by the Court in administratively coordinated hearings.

To the extent that the Trustee has any motions common to more than one Adversary Action, the Trustee as Plaintiff shall file such motion in the main case only and serve all defendants in any adversary action that may be affected by the motion.  Trustee shall indicate in the caption which Adversary Actions are affected by the motion.

**D.    Mediation**

i.    The Parties may agree to participate in mediation by filing with the Court a joint Request for Assignment to Mediation Program (LBR Form 701).

ii.    Third Amended General Order 95-01 shall govern the procedures for mediation.

iii.    The mediation may take place via Zoom or other videoconferencing technology, unless agreed otherwise by the Mediator, the Trustee, and the Defendant(s).

iv.    At least one counsel for each party and a representative of the Defendant(s) having full settlement authority (or the Defendant(s) himself/herself) shall attend the mediation.

**E.    Filing and Service of Procedures Order**

i.    A copy of the entered Procedures Order shall be filed on the docket in the Bankruptcy Case.

ii.    A copy of the Procedures Order shall be served along with the Complaint and Summons, or, for any Defendants that have already been served with a copy of the Summons and Complaint, within 14 days after entry of the Procedures Order, and filed in each Adversary Action. The Trustee must file proof of service of the Procedures Order in each adversary.

iii.    If the Trustee identifies common legal or factual issues that affect more than one adversary proceeding, he may file a motion seeking to administratively coordinate such adversary proceedings for hearings. For example, if more than one defendant raises an affirmative defense that the Trustee believes fails as a matter of law, the Trustee can file a motion seeking to establish procedures for filing an omnibus motion for summary adjudication or summary judgment in a single case (whether a lead adversary or the main bankruptcy case).

/ / /

/ / /

7

ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL

# Exhibit "4"

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No.  8:23-bk-10571-SC<br><br>Chapter  11<br><br>Adv. No.  8:25-ap-01094-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>VERCY L.L.C., a California Limited Liability Company and DOES 1 through 20, inclusive,<br><br>Defendants. | AMENDED COMPLAINT FOR:<br><br>(1) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07];<br><br>(2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07];<br><br>(3) AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. §§ 549, 550, AND 551]; AND<br><br>(4) DISALLOWANCE OF CLAIMS HELD BY DEFENDANTS [11 U.S.C. § 502(d)]<br><br>Status Conference<br>Date:        February 19, 2026<br>Time:        1:30 p.m.<br>Crtrm:      5C<br>Location:  411 W Fourth St.<br>                 Santa Ana, CA 92701 |

1

FIRST AMENDED COMPLAINT

4896-8622-9857v2

Richard A. Marshack, solely in his capacity as Trustee of the LPG Liquidation Trust, files this amended complaint ("FAC") against Vercy L.L.C., a California Limited Liability Company ("Defendant") and Does 1 through 20, inclusive, (collectively, "Doe Defendants"), and alleges as follows:

### Statement of the Case

1.      A bankruptcy trustee can avoid a debtor's fraudulent and unauthorized post-petition transfers of property. In this case, Trustee alleges that Debtor's insiders ("LPG Insiders") established one or more entities, including Vulcan Consulting Group LLC dba DRD and Validation Partners LLC (collectively, "Sham Entities"). The LPG Insiders then caused monies paid to and belonging to Debtor to be deposited in one or more accounts nominally titled in the name of Sham Entities. Such funds were not "transferred," as that term is defined in 11 U.S.C. § 101(54), to Sham Entities. Instead, the beneficial and equitable ownership of the funds always remained Debtor's property. The LPG Insiders took these actions to keep Debtor's cash outside the reach of creditors.

2.      At least $162,824.75 of such funds belonging to Debtor were then transferred to Defendant. In addition, at least $71,269.60 was transferred directly from Debtor to Defendant. The funds transferred to Defendant from the accounts nominally titled with Sham Entities and from the Debtor itself are collectively referred to as the "Transfers." Trustee alleges that some or all of the Transfers were then subsequently transferred by Defendant to one or more of the Doe Defendants. The Transfers to Defendant occurred during the four-year-period prior to the petition date and post-petition.

3.      Under these facts, the Trustee can avoid the Transfers and recover from Defendant as the "initial" transferee of such transfers and/or from Doe Defendants as "subsequent" transferees who did not take in good faith, for value, and without knowledge of the avoidability of such transfers. The Trustee alleges that neither the Defendant nor any of the Doe Defendants received the Transfers in good faith, for value, and without knowledge of their avoidability.

### Statement of Jurisdiction and Venue

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United

2

FIRST AMENDED COMPLAINT

4896-8622-9857v2

States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *In re The Litigation Practice Group, P.C.*, Bankruptcy Case Number 8:23-bk-10571-SC.

5. Plaintiff has standing to bring this adversary proceeding pursuant to Provision V.E. of the Modified First Amended Joint Chapter 11 Plan of Liquidation, confirmed by the Court on September 9, 2024, as Dk. No. 1646. The Plan provides that the Estate's litigation claims, including avoidance claims, were transferred to the LPG Liquidating Trust. Plaintiff brings these claims on behalf of the Trust.

6. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), and (O), and this Court has Constitutional authority to enter a final judgment on these claims. To the extent any claim for relief contained herein is determined not to be a non-core proceeding or a *Stern*-claim, Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

7. Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. §§ 1408 and 1409.

**Parties**

8. The Litigation Practice Group P.C. (previously defined as "Debtor") is a corporation organized under the laws of the State of California, that had its principal place of business in Tustin, California. During all relevant times prior to bankruptcy, Daniel S. March ("Mr. March") was the Chief Executive Officer of Debtor.

9. On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

10. Richard A. Marshack (previously defined as "Trustee" or "Plaintiff") was the duly-appointed, qualified, and acting Chapter 11 Trustee for the Debtor's bankruptcy estate ("Estate"). Pursuant to the confirmed Plan, the Trustee now serves as Trustee of the LPG Liquidation Trust, which now owns all of the litigation claims, including the Estate's avoidance actions.

3

FIRST AMENDED COMPLAINT

4896-8622-9857v2

11.     Plaintiff alleges that, at all relevant times, Defendant was a domestic corporation formed and existing under the laws of the State of California. Defendant's address and/or principal place of business is 17748 Sky Park Circle, Ste 200, Irvine, California 92614.

12.     Plaintiff is ignorant of the true names and capacities of the Doe Defendants and, therefore, sues said defendants under such fictitious names. Plaintiff will amend this FAC to reflect the true names and capacities of such defendant(s) when they have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named individuals and/or entities are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiff's damages by their conduct. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named defendants may constitute individuals, unknown trusts, partnerships, related entities, owners, principals, shareholders, insiders, alter egos, co-conspirators, and aiders and abettors that: (a) received transfers from Debtor and/or Sham Entities as an initial, immediate, or mediate transferee; (b) received transfers from Defendant as a mediate transferee; (c) directed or controlled Defendant's conduct and, as such, were responsible in some manner for the occurrences alleged herein; and/or (c) were used to shield Debtor's assets from collection, levy or execution, and to otherwise, hinder, delay and defraud the Debtor and its creditors.

## General Allegations

### A.     The Bankruptcy Case

13.     Pre-petition, Debtor was a law firm that provided consumer debt resolution services to more than 50,000 clients nationwide.

14.     Tony Diab ("Mr. Diab") owned, operated, dominated, and controlled the Debtor.

15.     On May 8, 2023, Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy Case. To the extent that Trustee was not appointed until after any of the events alleged in this FAC, the allegations are based on information and belief. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017); *Miller v. City of Los Angeles*, 2014 U.S. Dist. LEXIS 198871, at *5 (C.D. Cal. Aug. 7, 2014); *Mireskandari v. Daily Mail and General Trust PLC*, 2013 U.S. Dist. LEXIS 194437, at *4 (C.D. Cal. July 31, 2013).

/ / /

4896-8622-9857v2

**B. Fraudulent Entities**

16. To keep Debtor's interests in property outside the reach of creditors, including funds paid by investors and by Debtor's clients pursuant to their written Legal Services Agreements with Debtor, the LPG Insiders created one or more sham entities to receive and hold Debtor's property.

17. The Debtor's primary assets were its rights to receive monthly ACH payments from its consumer clients. In the full year prior to bankruptcy, Debtor's Statements of Financial Affairs evidence that it received revenues totaling approximately $155 million.

18. In addition, millions of dollars of investment funds were collected and diverted to sham entities under the guise that the funds were being invested in Debtor.

19. Under applicable state and federal laws, ACH pulls from a consumer's bank account can occur until the party initiating the payments obtains the consumer's express written consent.

20. With respect to the ACH pulls, the consumer clients only consented to the Debtor initiating the payments from their accounts.

21. With respect to the ACH pulls, the funds were derived from consumer clients that never consented to any law firm other than the Debtor representing them.

22. At all times, the Transfers constituted transfers of interests of the Debtor in property as that term is defined in 11 U.S.C. § 101(54).[1]

///

///

---

[1] To the extent the LPG Insiders are adjudicated to be initial transferees of the Transfers, the omission of the LPG Insiders in this Complaint is not fatal to the fraudulent transfer claims set forth herein. *See Erickson v. Leonard* (*In re AVI, Inc.*), 389 B.R. 721, 735 (9th Cir. BAP 2008) ("[W]e hold that a trustee is not required to avoid the initial transfer from the initial transferee before seeking recovery from subsequent transferees under § 550(a)(2)."); *IBT Intern., Inc. v. Northern* (*In re Int'l Admin. Servs., Inc,*), 408 F.3d 689, 708 (11th Cir. 2005) ("Section 550(a) does not mandate a plaintiff to first pursue recovery against the initial transferee and successfully avoid all prior transfers against a mediate transferee."); *Leslie v. Ace Gallery N.Y. Corp.* (*In re Art & Architecture Books of the 21st Century*), 2021 Bankr. LEXIS 3637, *98 (Bankr. C.D. Cal. 2022) ("The language of 11 U.S.C. § 550 does not require a trustee to successfully avoid a transfer with respect to the initial transferee in order to recover from a subsequent transferee under 11 U.S.C. § 550."); *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 743 (Bankr. S.D.N.Y. 2008) ("[T]he Bankruptcy Code, and specifically §§ 544(b) and 548, does not identify the proper, necessary or indispensable parties to a fraudulent transfer action, and does not state that the initial transferee is necessary.").

5

FIRST AMENDED COMPLAINT

4896-8622-9857v2

**C.      Ponzi Scheme**

23.      This Court has recognized that Debtor operated a Ponzi scheme by using funds provided by former investors to attract new investors hoping for very high returns. *See* Dk. No. 1545, fn. 5.

24.      The Ponzi Scheme Presumption establishes a debtor's "intent to defraud future undertakers [investors] from the mere fact that a debtor was running a Ponzi scheme." *Merrill v. Abbott* (*In re Independent Clearing House Co.*), 77 B.R. 843, 860 (D. Utah 1987). "Knowledge to a substantial certainty constitutes intent in the eyes of the law, cf. Restatement (Second) of Torts § 8A (1963 & 1964), and a debtor's knowledge that future investors will not be paid is sufficient to establish his actual intent to defraud them." *Id*. A trustee in bankruptcy is not required to show that an operator of a Ponzi scheme was subjectively aware his Ponzi scheme was destined to fail. *In re EPD Inv. Co., LLC*, 114 F.4th at 1153 (9th Cir. 2024).

25.      "[I]f all the debtor receives in return for a transfer is the use of the defendant's money to run a Ponzi scheme, there is nothing in the bankruptcy estate for creditors to share." *In re Independent Clearing House Co.* 77 B.R. at 859. In such a situation, the use of the defendant's money cannot objectively be called "reasonably equivalent value." *Id*. Therefore, "[t]he trustee can avoid the transfers if they were preferential or fraudulent. Transfers to investors in a Ponzi scheme are preferential and fraudulent. Therefore, they constitute 'property of the estate,' and the trustee can recover them." *Id*. at 853 n.17 (citations omitted).

26.      Based on the Ponzi Scheme presumption, the Court can infer that the Debtor had the intent to defraud investors within the meaning of 11 U.S.C. § 548(a)(1). Since the transfers by Debtor to third parties, including Defendants, were made with the intent to further the Ponzi scheme, the Debtor did not receive an objectively reasonable equivalent value for such transfers, and the Trustee can avoid any such transfers because they were preferential and/or fraudulent.

**D.      Prepetition Creditors and Lawsuits**

27.      Debtor's Schedule E/F, filed on April 4, 2023, as Dk. No. 33, lists: (a) 11 unsecured creditors with priority unsecured claims totaling $374,060.04; and (b) 58 nonpriority unsecured creditors with scheduled claims totaling $141,439,158.05.

FIRST AMENDED COMPLAINT

4896-8622-9857v2

28.     The claims register in this Bankruptcy Case includes 2,554 proofs of claim, totaling in excess of $424 million of claims asserted against the Estate.

29.     At least 14 UCC-1 statements were of record securing alleged debts of the Debtor as of the Petition Date. These statements either reflected secured liens against the Debtor's assets then owned or thereafter acquired or provided evidence of the assignment or sale of substantial portions of the Debtor's future income. They secured the repayment of the following claimed amounts that are currently known to Trustee and are allegedly owed by the Debtor: (a) $2,374,004.82 owed to Fundura Capital Group as evidenced by Proof of Claim No. 335 purportedly secured by a UCC statement filed on or about May 19, 2021; (b) approximately $15 million dollars owed to MNS Funding, LLC as evidenced by Proof of Claim No. 1060 purportedly secured by a UCC statement filed on or about May 28, 2021; (c) approximately $5,000,000 owed to Azzure Capital, LLC as evidenced by Proof of Claim No. 127 purportedly secured by a UCC statement filed on or about May 28, 2021; and (d) approximately $1.5 million dollars owed to Diverse Capital, LLC purportedly secured by UCC statements filed on or about September 15, 2021, and December 1, 2021.

30.     Debtor's balance sheets for the 36 months ending December 31, 2021, show approximately $17,900,000 in total assets at its highest point in November 2021. This amount is significantly less than the $424 million of claims filed.

31.     Debtor's Statement of Financial Affairs, filed on April 4, 2023, as Dk. No. 34, reflects 15 pending lawsuits against Debtor as of the Petition Date. The lawsuits date back to October 18, 2021 (*Fundura v. The Litigation Practice Group P.C. et al.*, Supreme Court of New York Index No. 613192-2021) and are as recent as March 10, 2023 (*Diverse Capital LLC v. The Litigation Practice Group P.C. et al.*, Supreme Court of New York Index No. 135614-2023).

**E.     Debtor's Insolvency**

32.     Debtor was insolvent when the Transfers occurred as evidenced by: (a) the 14 UCC-1 statements reflecting secured liens against the Debtor's owned and after-acquired assets and the assignment or sale of substantial portions of the Debtor's future income; (b) the priority and non-priority unsecured debt of nearly $142 million listed in Debtor's schedules; (c) the $424 million of

/ / /

FIRST AMENDED COMPLAINT

4896-8622-9857v2

creditor claims filed in this Bankruptcy Case; and (d) Debtor's balance sheets reflecting, at its highest point, $17.9 million of assets in November 2021.

33.   Moreover, insolvency is presumed as a matter of law where, as in this Bankruptcy Case, the debtor operated a Ponzi scheme. *See, e.g., Glob. Money Mgmt., L.P. v. McDonnold*, No. 06CV34, 2008 U.S. Dist. LEXIS 128733, at *15 (S.D. Cal. Feb. 27, 2008) (concluding that "if a Ponzi scheme is proven, then the debtor is proven insolvent from the time of its inception").

### F.   The Subject Transfers

34.   During the four-year period prior to the Petition Date, the transfers of interests of the Debtor in property were made to Defendant and/or the Doe Defendants. The full extent of the prepetition Transfers will be proven at trial, but are in an amount not less than $222,082.60 as set forth in the chart attached as **Exhibit 1.**

35.   Post-petition, the transfers of interests of the Debtor in property were made to Defendant and/or the Doe Defendants. The full extent of the post-petition Transfers will be proven at trial, but are in an amount not less than $12,011.75 as set forth in the chart attached as **Exhibit 2.**

36.   To the extent the Court determines that the $222,082.60 in Transfers made during the four-year period prior to the Petition Date were made: (a) with actual intent to hinder, delay, or defraud Debtor's creditors; and/or (b) without Debtor receiving reasonably equivalent value in exchange, the Trustee alleges that such Transfers are avoidable under 11 U.S.C. § 544 and 548 and under Cal. Civ. Code §§ 3439.04 and 3439.05 (collectively, the "Fraudulent Transfers").

37.   To the extent the Court determines that the $12,011.75 in Transfers made post-petition were not authorized under the Bankruptcy Code or by order of the United States Bankruptcy Court overseeing Debtor's bankruptcy case, the Trustee alleges that such Transfers are avoidable under 11 U.S.C. § 549 (collectively, the "Unauthorized Post-Petition Transfers").

38.   Plaintiff alleges that Debtor was insolvent when the Transfers were made or became insolvent as a result of the prepetition Transfers.

39.   Plaintiff alleges that Debtor did not receive reasonably equivalent value in exchange for or in connection with the prepetition Transfers.

///

FIRST AMENDED COMPLAINT

4896-8622-9857v2

40.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers or their value from Defendant and Doe Defendants as initial or subsequent transferees.

41.     Under 11 U.S.C. § 551, avoided transfers are automatically preserved for the benefit of the Estate.

**G.      Due Diligence**

42.     On October 8, 2024, Plaintiff caused a letter to be mailed to Defendant ("First Letter") requesting documents and information to substantiate the Transfers, to assess the purpose of the Transfers, and to evaluate any potential defenses to Plaintiff's avoidance and recovery of the Transfers. Plaintiff received no response to the First Letter.

43.     On February 21, 2025, Plaintiff caused another follow-up letter to be mailed to Defendant ("Second Letter") requesting the same documents and information sought in the First Letter. The Second Letter also attached a draft complaint that would be filed by Plaintiff against Defendant absent a response to the Second Letter from Defendant. Plaintiff received no response to the Second Letter.

44.     Prior to filing the original complaint, Plaintiff's counsel conducted an electronic search of Debtor's paper files and accounting records, including Debtor's Quickbooks files, which records and files are now stored electronically. Plaintiff's search of the subject records and files revealed no apparent defenses to the alleged claims.

**First Claim for Relief**

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer**

**11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07**

**(Against all Defendants)**

45.     Plaintiff incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full.

46.     Under 11 U.S.C. § 544(b)(1), Plaintiff may avoid transfers of an interest of Debtor which are voidable under applicable law by an unsecured creditor of Debtor, including under California Civil Code § 3439.04(a)(1).

47.     The Fraudulent Transfers were of property of Debtor.

9

FIRST AMENDED COMPLAINT

4896-8622-9857v2

48. The Fraudulent Transfers were made within four years of the Petition Date.

49. The Fraudulent Transfers were made with the actual intent to hinder, delay, or defraud Debtor's creditors.

50. At the time each Fraudulent Transfer was made, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Fraudulent Transfer and on the Petition Date.

51. Debtor had been sued or threatened with suit before some or all of the Fraudulent Transfers occurred.

52. Debtor incurred substantial debt shortly before or shortly after some or all of the Fraudulent Transfers occurred.

53. The LPG Insiders caused Debtor to abscond and delay the discovery of substantial assets of the Debtor pursuant to the diversion of Debtor's funds, client files, and assets to sham entities.

54. Debtor actively concealed its beneficial interest in the Fraudulent Transfers and made the payments to Defendants with actual intent to hinder, delay, or defraud other creditors of the Debtor.

55. Sham Entities, who benefitted from the receipt of funds improperly diverted away from Debtor, would be considered an insider under Cal. Civ. Code § 3439.04(b)(1).

56. Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers. Defendant and/or Doe Defendants received at least $222,082.60 of property belonging to Debtor.

57. The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

58. The Fraudulent Transfers were made partially for the benefit of an insider of Debtor. The detriment of the Fraudulent Transfers accrued to Debtor, and Debtor received no direct or indirect benefit.

59. Plaintiff alleges that Defendant and/or Doe Defendants did not receive the Fraudulent Transfers in good faith, for value, and without knowledge of their avoidability.

10

FIRST AMENDED COMPLAINT

4896-8622-9857v2

60. Based on the foregoing, Plaintiff may avoid the Fraudulent Transfers pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1).

61. Based on the foregoing, Plaintiff may recover and preserve the Fraudulent Transfers from Defendant and/or Doe Defendants as the initial transferee or, alternatively, as the subsequent transferee for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

**Second Claim for Relief**

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer**

**11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07**

**(Against all Defendants)**

62. Plaintiff hereby incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

63. Under 11 U.S.C. § 544(b)(1), Plaintiff may avoid transfers of an interest of Debtor which are voidable under applicable law by an unsecured creditor of Debtor, including under California Civil Code §§ 3439.04(a)(2) and 3439.05.

64. Debtor did not receive reasonably equivalent value in exchange for the funds diverted to Sham Entities.

65. Debtor did not receive reasonably equivalent value in exchange for the Fraudulent Transfers.

66. The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

67. At the time each Fraudulent Transfer was made, Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or transaction.

68. At the time each Fraudulent Transfer was made, Debtor intended to incur, or believed or reasonably should have believed that Debtor would incur, debts beyond Debtor's ability to pay as they became due.

/ / /

11
FIRST AMENDED COMPLAINT

4896-8622-9857v2

69.    At the time each Fraudulent Transfer was made, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Fraudulent Transfer and on the Petition Date.

70.    Sham Entities, who benefitted from the receipt of funds improperly diverted away from Debtor, would be considered an insider under Cal. Civ. Code § 3439.04(b)(1).

71.    The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

72.    Plaintiff alleges that Defendant and/or Doe Defendants did not receive the Fraudulent Transfers in good faith, for value, and without knowledge of their avoidability.

73.    Based on the foregoing, Plaintiff may avoid the Fraudulent Transfers pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) and 3439.05.

74.    Based on the foregoing, Plaintiff may recover and preserve the Fraudulent Transfers from Defendant and/or Doe Defendants as the initial transferee or, alternatively, as the subsequent transferee for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

## Third Claim for Relief

## Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer

## 11 U.S.C. §§ 548(a)(1)(A), 550 & 551

## (Against all Defendants)

75.    Plaintiff hereby incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

76.    One or more of the Fraudulent Transfers were made within two years of the Petition Date.

77.    The Fraudulent Transfers were made to Defendants with the actual intent to hinder, delay, or defraud Debtor's creditors.

78.    At the time each Fraudulent Transfer was made, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Fraudulent Transfer and on the Petition Date.

12

FIRST AMENDED COMPLAINT

4896-8622-9857v2

79.    Debtor had been sued or threatened with suit before some or all of the Fraudulent Transfers occurred.

80.    Debtor incurred substantial debt shortly before or shortly after some or all of the Fraudulent Transfers occurred.

81.    The LPG Insiders caused Debtor to abscond and delay the discovery of substantial assets of the Debtor pursuant to the diversion of Debtor's funds, client files, and assets to sham entities.

82.    The LPG Insiders actively concealed Debtor's assets pursuant to the diversion of funds, client files, and assets to sham entities.

83.    Sham Entities, who benefitted from the receipt of funds improperly diverted away from Debtor, would be considered an insider as that term is defined in 11 U.S.C. § 101(31).

84.    Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers totaling $222,082.60.

85.    The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

86.    Plaintiff alleges that Defendant and/or Doe Defendants did not receive the Fraudulent Transfers in good faith, for value, and without knowledge of their avoidability.

87.    Based on the foregoing, Plaintiff may avoid the Fraudulent Transfers under 11 U.S.C. § 548(a)(1)(A).

88.    Based on the foregoing, Plaintiff may recover and preserve the avoided transfers up to the amount of the Fraudulent Transfers from Defendant and/or Doe Defendants as the initial transferee or, alternatively, as the subsequent transferee for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

/ / /

/ / /

/ / /

/ / /

/ / /

13
FIRST AMENDED COMPLAINT

4896-8622-9857v2

**Fourth Claim for Relief**

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer**

**11 U.S.C. §§ 548(a)(1)(B), 550 & 551**

**(Against all Defendants)**

89.    Plaintiff hereby incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

90.    One or more of the Fraudulent Transfers were made within two years before the Petition Date.

91.    Debtor did not receive reasonably equivalent value in exchange for the Fraudulent Transfers.

92.    The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

93.    When the Fraudulent Transfers occurred, Debtor's business was undercapitalized and Debtor was engaged in business for which its capital was unreasonably small.

94.    When the Fraudulent Transfers occurred, Debtor was about to incur debts that were beyond its ability to pay.

95.    The Fraudulent Transfers were made for the benefit of Defendants and Sham Entities, which were insiders of Debtor.

96.    At the time each Fraudulent Transfer was made, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Fraudulent Transfer and on the Petition Date.

97.    Plaintiff alleges that Defendant and/or Doe Defendants did not receive the Fraudulent Transfers in good faith, for value, and without knowledge of their avoidability.

98.    Based on the foregoing, Plaintiff may avoid the Fraudulent Transfers under 11 U.S.C. § 548(a)(1)(B).

99.    Based on the foregoing, Plaintiff may recover and preserve the avoided Fraudulent Transfers from Defendant and/or Doe Defendants as the initial transferee or, alternatively, as the subsequent transferee for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

FIRST AMENDED COMPLAINT

4896-8622-9857v2

**Fifth Claim for Relief**

**Avoidance, Recovery, and Preservation of Unauthorized Post-Petition Transfer**

**11 U.S.C. §§ 549, 550, and 551**

**(Against all Defendants)**

100.   Plaintiff incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

101.   The Unauthorized Post-Petition Transfers were made on or after March 20, 2023.

102.   The Unauthorized Post-Petition Transfers were not authorized pursuant to Title 11 of the United States Code or by order of the United States Bankruptcy Court overseeing Debtor's bankruptcy case.

103.   The Unauthorized Post-Petition Transfers were of property of Debtor.

104.   The Unauthorized Post-Petition Transfers are avoidable pursuant to 11 U.S.C. § 549. Defendant has liability for all avoided Transfers under 11 U.S.C. § 550.

105.   The Trustee may preserve all avoided Unauthorized Post-Petition Transfers from Defendant and/or Doe Defendants for the benefit of the Estate pursuant to 11 U.S.C. § 551.

**Sixth Claim for Relief**

**Disallowance of Claim**

**11 U.S.C. § 502(d)**

**(Against all Defendants)**

106.   Plaintiff hereby incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

107.   Plaintiff alleges that Defendant and/or Doe Defendants may have a claim against the Estate.

108.   Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that any claim asserted by Defendant and/or Doe Defendants be disallowed unless or until the avoidable Transfers are repaid by Defendant and/or Doe Defendants.

/ / /

/ / /

15

FIRST AMENDED COMPLAINT

4896-8622-9857v2

## Prayer

WHEREFORE, Plaintiff prays for judgment against Defendant and Doe Defendants as follows:

### On the First Claim for Relief

1.      That the Fraudulent Transfers be avoided under 11 U.S.C. § 544 and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07;

2.      That Plaintiff recover the avoided Fraudulent Transfers or a money judgment in an amount equal to the value of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550;

### On the Second Claim for Relief

3.      That the Fraudulent Transfers be avoided under 11 U.S.C. § 544 and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07;

4.      That Plaintiff recover the avoided Fraudulent Transfers or a money judgment in an amount equal to the value of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550;

### On the Third Claim for Relief

5.      That the Fraudulent Transfers be avoided under 11 U.S.C. § 548(a)(1)(A);

6.      That Plaintiff recover the avoided Fraudulent Transfers or a money judgment in an amount equal to the value of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550;

### On the Fourth Claim for Relief

7.      That the Fraudulent Transfers be avoided under 11 U.S.C. § 548(a)(1)(B);

8.      That Plaintiff recover the avoided Fraudulent Transfers or a money judgment in an amount equal to the value of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550;

### On the Fifth Claim for Relief

9.      That the Unauthorized Post-Petition Transfers be avoided under 11 U.S.C. § 549;

10.     That Plaintiff recover the avoided Unauthorized Post-Petition Transfers or a money judgment in an amount equal to the value of the avoided Unauthorized Post-Petition Transfers pursuant to 11 U.S.C. § 550;

/ / /

/ / /

16
FIRST AMENDED COMPLAINT

4896-8622-9857v2

**On the Sixth Claim for Relief**

11.   That any claim of Defendant and/or Doe Defendants against the Estate be disallowed in its entirety unless or until Defendant and/or Doe Defendants timely repay the avoidable Transfers;

**On All Claims for Relief**

12.   That Plaintiff only recover a single satisfaction of all avoided Transfers under 11 U.S.C. § 550(d);

13.   That all avoided Transfers be preserved pursuant to 11 U.S.C. § 551;

14.   For prejudgment interest under state law on all fraudulent transfer claims from the date each transfer was made, as set forth in *In re Slatkin*, 525 F.3d 805, 820 (9th Cir.2008), *In re Agricultural Research and Technology Group, Inc*., 916 F.2d 528, 541-42 (9th Cir.1990), and *Field v. Kepoikai* (*In re Maui Indus. Loan & Fin. Co*.), 483 B.R. 346, 353 (Bankr. D. Haw. 2012);

15.   For pre-judgment interest on all other claims at the maximum rate allowed by law;

16.   For costs incurred by Plaintiff in prosecuting this action; and

17.   For such other and further relief as the Court may deem just and proper.

DATED: September 20, 2025          MARSHACK HAYS WOOD LLP

By: */s/ Chad V. Haes*
    CHAD V. HAES
    Attorneys for Richard A. Marshack,
    Plaintiff and Trustee of The LPG Liquidation Trust

FIRST AMENDED COMPLAINT

4896-8622-9857v2

# Exhibit "1"

In re: The Litigation Practice Group PC  
Disbursement Details by Payee  
4 Years Pre-Petition (03/20/2019 - 03/20/2023)

Vercy LLC



| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Debit/Charge | Memo |
|---|---|---|---|---|---|---|
| Chase | Validation Partners LLC | 3097 | 2/28/2022 | 2/11/2022 | 30,131.00 | 02/11 Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy LLC Ref:/Time/16:32 Imad: 0211B1Qgc08C018978 Trn: 3476642042Es |
| Chase | Validation Partners LLC | 3097 | 2/28/2022 | 2/23/2022 | 7,716.00 | 02/23 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/08:03 Imad: 0223B1Qgc08C003680 Trn: 3118502054Es |
| Chase | Validation Partners LLC | 3097 | 2/28/2022 | 2/25/2022 | 17,943.00 | 02/25 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:15 Imad: 0225B1Qgc06C018278 Trn: 3559562056Es |
| Chase | Validation Partners LLC | 3097 | 3/31/2022 | 3/4/2022 | 28,600.00 | 03/04 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:29 Imad: 0304B1Qgc06C019745 Trn: 3554692063Es |
| Chase | Validation Partners LLC | 3097 | 3/31/2022 | 3/11/2022 | 20,071.00 | 03/11 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:54 Imad: 0311B1Qgc05C021388 Trn: 3529562070Es |
| Chase | Validation Partners LLC | 3097 | 3/31/2022 | 3/18/2022 | 17,590.00 | 03/18 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:33 Imad: 0318B1Qgc03C013824 Trn: 3479862077Es |
| Chase | Validation Partners LLC | 3097 | 3/31/2022 | 3/28/2022 | 4,432.00 | 03/28 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:10 Imad: 0328B1Qgc01C009690 Trn: 3576782087Es |
| Chase | Validation Partners LLC | 3097 | 4/29/2022 | 4/5/2022 | 9,190.00 | 04/05 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/15:59 Imad: 0405B1Qgc01C009282 Trn: 3492902095Es |
| Chase | Validation Partners LLC | 3097 | 4/29/2022 | 4/8/2022 | 15,140.00 | 04/08 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/13:16 Imad: 0408B1Qgc07C010986 Trn: 3362672098Es |
| | | | | | 150,813.00 | |

1 of 1                    DRAFT FORM - SUBJECT TO CHANGE                    Payor Accounts: Validation Partners LLC

Exhibit "1"
Page 18

Exhibit "4"
Page 69

In re: The Litigation Practice Group PC

Vercy LLC



Disbursement Details by Payee
4 Years Pre-Petition (03/20/2019 - 03/20/2023)

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| UnionBank | The Litigation Practice Group PC | 4858 | 12/31/2021 | 12/23/2021 | | 248.18 | WIRE TRANS TRN 1223024539 122321 UBOC UB341376N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 12/31/2021 | 12/31/2021 | | 222.32 | WIRE TRANS TRN 1231023020 123121 UBOC UB305985N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/13/2022 | | 764.23 | WIRE TRANS TRN 0113021430 011322 UBOC UB246663N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/21/2022 | | 355.52 | WIRE TRANS TRN 0121016107 012122 UBOC UB211026N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/28/2022 | | 1,639.15 | WIRE TRANS TRN 0128019420 012822 UBOC UB170058N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 2/28/2022 | 2/4/2022 | | 1,011.94 | WIRE TRANS TRN 0204022630 020422 UBOC UB131304N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 2/28/2022 | 2/11/2022 | | 955.86 | WIRE TRANS TAN 0211017080 021122 UBOC UB103005N Sent To: VERCY L.L.C. Beneficiary: |
| Chase | The Litigation Practice Group PC | 3158 | 10/31/2022 | 10/31/2022 | 12163 | 65,376.92 | |
| Bank of America | Litigation Practice Group PC | 6538 | 1/31/2023 | 1/17/2023 | | 695.48 | WIRE TYPE:WIRE OUT DATEQ3O117 T1ME0439 ETTRN:2023011300507692 SERVICE REF:007749 BNF:VERCY LLC ID0033664582 BNF BK:MUFG UNION BANK  NA ID:1 22000496 PMT DET:421 503946 01 .1 3.23 WEEKLY DISBURSEMENT |
| | | | | | | 71,269.60 | |

DRAFT FORM - SUBJECT TO CHANGE

Payor Accounts: BAT Inc., Coast Processing LLC,
EZ Debt Relief, Maverick Management Group, Prime Logix, The
Litigation Practice Group, Vulcan Consulting Group LLC

Exhibit "1"

Page 19

Exhibit "4"

Page 70

# Exhibit "2"

In re: The Litigation Practice Group PC                                              Vercy LLC                                                   **GROBSTEIN TEEPLE**
Summary of Disbursements
Post-Petition Activity (3/20/2023 - Present)

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| Bank of America | Vulcan Consulting Group LLC dba DRD | ▮▮9551 | 5/31/2023 | 5/25/2023 | | 12,011.75 | Online Banking Transfer Conf# oh7yjcump; VERCY LLC. |
| | | | | | | **12,011.75** | |

DRAFT FORM - SUBJECT TO CHANGE                    Payor Accounts: BAT Inc., Coast Processing LLC,
EZ Debt Relief, Maverick Management Group, Prime Logix, The
Litigation Practice Group, Vulcan Consulting Group LLC

Exhibit "2"
Page 20

Exhibit "4"
Page 72

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **AMENDED COMPLAINT FOR: (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07]; (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07]; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. §§ 549, 550, AND 551]; AND (4) DISALLOWANCE OF CLAIMS HELD BY DEFENDANTS [11 U.S.C. § 502(d)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 20, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 20, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 20, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Via Personal Delivery</u>
PRESIDING JUDGE'S COPY
Honorable Scott C. Clarkson
Bin beside 5th Floor Elevators
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 20, 2025 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                **F 7055-1.1.REQ.ENTER.DEFAULT**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- ATTORNEY FOR PLAINTIFF: Aaron E. De Leest     adeleest@marshackhays.com,
  adeleest@marshackhays.com, alinares@ecf.courtdrive.com
- ATTORNEY FOR PLAINTIFF: Chad V Haes     chaes@marshackhays.com, chaes@ecf.courtdrive.com;
  cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; alinares@ecf.courtdrive.com
- ATTORNEY FOR PLAINTIFF: D Edward Hays     ehays@marshackhays.com, ehays@ecf.courtdrive.com;
  alinares@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- PLAINTIFF: Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

**Defendant**
Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #200
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #240
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
2525 Main St #360
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
401 Rockefeller #1407
Irvine, CA 92612

**Defendant**
Vercy L.L.C.
c/o Nader Sepehr, Agent for Service
15 Edendale St
Ladera Ranch, CA 92694

**Defendant**
Vercy L.L.C.
c/o Nader Sepehr, Agent for Service
4533 MacArthur Blvd #216
Newport Beach, CA 92660

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay, CEO and/or General Counsel,
CEO, or Officer, Managing or General Agent, or
any Other Agent Authorized to Receive Service
10 Thunder Run Apt 7c
Irvine, CA 92614

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                            **F 7055-1.1.REQ.ENTER.DEFAULT**

# Exhibit "5"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Aaron E. De Leest<br>Marshack Hays Wood LLP<br>870 Roosevelt<br>Irvine, CA 92620<br><br>949-333-7777<br><br><br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA − SANTA ANA

| In re:<br><br>The Litigation Practice Group P.C.<br><br><br><br>Debtor(s). | CASE NO.: 8:23−bk−10571−SC<br><br>CHAPTER: 11<br><br><br>ADVERSARY NUMBER: 8:25−ap−01094−SC |
|---|---|
| Richard A Marshack<br><br>Plaintiff(s)<br>Versus<br>Vercy L.L.C.<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left−hand corner of this page. The deadline to file and serve a written response is **04/10/2025.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **May 30, 2025** |
| **Time:** | **10:00 AM** |
| **Hearing Judge:** | **Scott C Clarkson** |
| **Location:** | **411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 7004−1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>March 11, 2025</u>

By: _____<u>"s/" Nickie Bolte</u>_____

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Exhibit "5"
Page 76

Case 8:25-ap-01094-SC    Doc 3    Filed 03/11/25    Entered 03/11/25 11:35:56    Desc

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

    Omni Agent Solutions, Inc., 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** and (2) the accompanying pleading(s) entitled:

    See Attached Exhibit

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005−2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On (*date*) 03/18/25 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #200
Irvine, CA 92614

Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
401 Rockefeller #1407,
Irvine, CA 92612

Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
2525 Main St #360
Irvine, CA 92614

Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #240
Irvine, CA 92614

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/18/2025 | Darleen Sahagun | /s/ *Darleen Sahagun* |
|---|---|---|
| Date | Printed Name | Signature |

_____

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                           **F 7004−1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **SEE ATTACHMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 18, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ATTORNEYS FOR PLAINTIFF: Aaron E. De Leest    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- ATTORNEYS FOR PLAINTIFF: Chad V Haes    chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdri ve.com
- ATTORNEYS FOR PLAINTIFF: D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdri ve.com
- PLAINTIFF: Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 18, 2025 | HUGO MAIDA | /s/ Hugo Maida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

A true and correct copy of the foregoing document(s) entitled (*specify*): CONTINUED:

- SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]

- ADVERSARY PROCEEDING COVER SHEET

- COMPLAINT FOR: (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07]; (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07]; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. §§ 549, 550, AND 551]; AND (4) DISALLOWANCE OF CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)] [STATUS CONFERENCE TO BE SET BY COURT]

- ORDER RE: EARLY MEETING OF COUNSEL, STATUS CONFERNECE INSTRUCTIONS, AND GENERAL PROCEDURES  NOTICE TO DEFENDANTS RE: COMPLIANCE WITH RULE 7026 OF THE FEDERAL RULES OFBANKRUPTCY PROCEDURE AND RULE 7026-1 OF THE LOCAL BANKRUPTCY RULES

Exhibit "6"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>AARON E. DE LEEST, #216832<br>adeleest@marshackhays.com<br>CHAD V. HAES, #267221<br>chaes@marshackhays.com<br>MARSHACK HAYS WOOD LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777 / Facsimile: (949) 333-7778<br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor(s).<br><br>RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff(s),<br><br>vs.<br><br>VERCY L.L.C., a California Limited Liability Company and DOES 1 through 20, inclusive,<br><br>Defendant(s). | CASE NO.: 8:23-bk-10571-SC<br>CHAPTER: 11<br>ADVERSARY NO.: 8:25-ap-01094-SC |
|---|---|
| | **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)** |
| | [No Hearing Required] |

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought (*specify name*): Vercy L.L.C., a California Limited Liability Company

2. Plaintiff filed the first amended complaint in this adversary proceeding on 09/20/2025

3. The first amended complaint was served on Defendant by ☐ Personal Service ☒ Mail Service on the following date (*specify date*): 09/20/2025

4. A conformed copy of the executed service of summons from the original complaint and a conformed copy of the first amended complaint with the proof of service is attached hereto.

5. The time for filing an answer or other responsive pleading expired on (*specify date*): 10/11/2025 pursuant to Dk. 23 which ordered that an answer to the first amended complaint be filed 21 days after the filing of the first amended complaint.

6. No answer or other responsive pleading has been filed or served by Defendant. WHEREFORE, Plaintiff requests that the clerk of the court enter a default against this Defendant.

Date: 12/30/2025

/s/ Chad V. Haes
Signature
CHAD V. HAES
*Printed name of Plaintiff or attorney for Plaintiff*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 7055-1.1.REQ.ENTER.DEFAULT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 30, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **December 30, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 30, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Via Personal Delivery</u>
PRESIDING JUDGE'S COPY
Honorable Scott C. Clarkson
Bin beside 5th Floor Elevators
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 30, 2025 | Laurel Dinkins | /s/ Laurel Dinkins |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                **F 7055-1.1.REQ.ENTER.DEFAULT**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- ATTORNEY FOR PLAINTIFF: Aaron E. De Leest    adeleest@marshackhays.com,
  adeleest@marshackhays.com, alinares@ecf.courtdrive.com
- ATTORNEY FOR PLAINTIFF: Chad V Haes    chaes@marshackhays.com, chaes@ecf.courtdrive.com;
  cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; alinares@ecf.courtdrive.com;
  spineda@marshackhays.com;ldinkins@marshackhays.com
- ATTORNEY FOR PLAINTIFF: D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;
  alinares@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- PLAINTIFF: Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- INTERESTED PARTY: Brandon J. Iskander    biskander@goeforlaw.com,
  kmurphy@goeforlaw.com;jfountain@goeforlaw.com

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

**Defendant – Returned Mail 03/03/25**
~~Vercy L.L.C.~~
~~Attn: General Counsel, CEO, or Officer,~~
~~Managing or General Agent, or any Other~~
~~Agent Authorized to Receive Service~~
~~17748 Sky Park Circle #200~~
~~Irvine, CA 92614~~

**Defendant - Returned Mail 03/03/25**
~~Vercy L.L.C.~~
~~Attn: General Counsel, CEO, or Officer,~~
~~Managing or General Agent, or any Other~~
~~Agent Authorized to Receive Service~~
~~17748 Sky Park Circle #240~~
~~Irvine, CA 92614~~

**Defendant - Returned Mail 03/03/25**
~~Vercy L.L.C.~~
~~c/o Ariyo Mackay~~
~~Attn: General Counsel, CEO, or Officer,~~
~~Managing or General Agent, or any Other~~
~~Agent Authorized to Receive Service~~
~~2525 Main St #360~~
~~Irvine, CA 92614~~

**Defendant - Returned Mail 03/06/25**
~~Vercy L.L.C.~~
~~c/o Ariyo Mackay~~
~~Attn: General Counsel, CEO, or Officer,~~
~~Managing or General Agent, or any Other~~
~~Agent Authorized to Receive Service~~
~~401 Rockefeller #1407~~
~~Irvine, CA 92612~~

**Defendant**
Vercy L.L.C.
c/o Nader Sepehr, Agent for Service
15 Edendale St
Ladera Ranch, CA 92694

**Defendant**
Vercy L.L.C.
c/o Nader Sepehr, Agent for Service
4533 MacArthur Blvd #216
Newport Beach, CA 92660

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay, CEO and/or General Counsel,
CEO, or Officer, Managing or General Agent, or
any Other Agent Authorized to Receive Service
10 Thunder Run Apt 7c
Irvine, CA 92614

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    **F 7055-1.1.REQ.ENTER.DEFAULT**

Case 8:25-ap-01094-SC    Doc 30    Filed 03/18/25    Entered 03/18/25 21:42:50    Desc
Main Document    Page 4 of 52

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Aaron E. De Leest<br>Marshack Hays Wood LLP<br>870 Roosevelt<br>Irvine, CA 92620<br><br>949−333−7777<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA − SANTA ANA**

| In re:<br><br><br>The Litigation Practice Group P.C.<br><br><br>Debtor(s). | CASE NO.:  8:23−bk−10571−SC<br><br>CHAPTER:  11<br><br><br>ADVERSARY NUMBER: 8:25−ap−01094−SC |
|---|---|
| Richard A Marshack<br><br>Plaintiff(s)<br>Versus<br>Vercy L.L.C.<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left−hand corner of this page. The deadline to file and serve a written response is **04/10/2025.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **May 30, 2025** |
| **Time:** | **10:00 AM** |
| **Hearing Judge:** | **Scott C Clarkson** |
| **Location:** | **411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*        Page 1        **F 7004−1.SUMMONS.ADV.PROC**

Case 8:25-ap-01094-SC    Doc 30    Filed 03/18/25    Entered 03/18/25 21:34:50    Desc
Main Document    Page 25 of 32

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>March 11, 2025</u>

By: _____<u>"s/" Nickie Bolte</u>_____

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Exhibit "6"
Page 84

Case 8:25-ap-01094-SC   Doc 3   Filed 03/11/25   Entered 03/11/25 11:35:56   Desc
Case 8:25-ap-01094-SC   Doc 30   Filed 03/30/25   Entered 03/30/25 21:42:30   Desc
AP Summons     Page 3 of 3
Main Document     Page 83 of 32

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Omni Agent Solutions, Inc., 5955 DeSoto Avenue, Suite #100, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** and (2) the accompanying pleading(s) entitled:

See Attached Exhibit

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005−2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 03/18/25_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #200
Irvine, CA 92614

Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
401 Rockefeller #1407,
Irvine, CA 92612

Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
2525 Main St #360
Irvine, CA 92614

Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #240
Irvine, CA 92614

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/18/2025 | Darleen Sahagun | /s/ *Darleen Sahagun* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                          **F 7004−1.SUMMONS.ADV.PROC**

Exhibit "6"
Page 85

Case 8:25-ap-01094-SC   Doc 30   Filed 03/30/25   Entered 03/30/25 21:42:50   Desc
Main Document      Page 74 of 32

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **SEE ATTACHMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 18, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ATTORNEYS FOR PLAINTIFF: Aaron E. De Leest      adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- ATTORNEYS FOR PLAINTIFF: Chad V Haes      chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdri v e.com
- ATTORNEYS FOR PLAINTIFF: D Edward Hays      ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdri v e.com
- PLAINTIFF: Richard A Marshack (TR)      pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- U.S. TRUSTEE: United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 18, 2025 | HUGO MAIDA | /s/ Hugo Maida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2016*

**F 7004-1.SUMMONS.ADV.PROC**

Case 8:25-ap-01094-SC    Doc 30    Filed 03/30/25    Entered 03/30/25 21:42:50    Desc
Main Document      Page 5 of 32

A true and correct copy of the foregoing document(s) entitled (*specify*): CONTINUED:

- SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]

- ADVERSARY PROCEEDING COVER SHEET

- COMPLAINT FOR: (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07]; (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07]; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. §§ 549, 550, AND 551]; AND (4) DISALLOWANCE OF CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)] [STATUS CONFERENCE TO BE SET BY COURT]

- ORDER RE: EARLY MEETING OF COUNSEL, STATUS CONFERNECE INSTRUCTIONS, AND GENERAL PROCEDURES  NOTICE TO DEFENDANTS RE: COMPLIANCE WITH RULE 7026 OF THE FEDERAL RULES OFBANKRUPTCY PROCEDURE AND RULE 7026-1 OF THE LOCAL BANKRUPTCY RULES

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.  8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Chapter  11 |
| Debtor. | Adv. No.  8:25-ap-01094-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>VERCY L.L.C., a California Limited Liability Company and DOES 1 through 20, inclusive,<br><br>Defendants. | AMENDED COMPLAINT FOR:<br><br>(1) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07];<br><br>(2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07];<br><br>(3) AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. §§ 549, 550, AND 551]; AND<br><br>(4) DISALLOWANCE OF CLAIMS HELD BY DEFENDANTS [11 U.S.C. § 502(d)]<br><br>Status Conference<br>Date:        February 19, 2026<br>Time:        1:30 p.m.<br>Crtrm:      5C<br>Location:  411 W Fourth St.<br>                   Santa Ana, CA 92701 |

1

FIRST AMENDED COMPLAINT

4896-8622-9857v2

Richard A. Marshack, solely in his capacity as Trustee of the LPG Liquidation Trust, files this amended complaint ("FAC") against Vercy L.L.C., a California Limited Liability Company ("Defendant") and Does 1 through 20, inclusive, (collectively, "Doe Defendants"), and alleges as follows:

## Statement of the Case

1.      A bankruptcy trustee can avoid a debtor's fraudulent and unauthorized post-petition transfers of property. In this case, Trustee alleges that Debtor's insiders ("LPG Insiders") established one or more entities, including Vulcan Consulting Group LLC dba DRD and Validation Partners LLC (collectively, "Sham Entities"). The LPG Insiders then caused monies paid to and belonging to Debtor to be deposited in one or more accounts nominally titled in the name of Sham Entities. Such funds were not "transferred," as that term is defined in 11 U.S.C. § 101(54), to Sham Entities. Instead, the beneficial and equitable ownership of the funds always remained Debtor's property. The LPG Insiders took these actions to keep Debtor's cash outside the reach of creditors.

2.      At least $162,824.75 of such funds belonging to Debtor were then transferred to Defendant. In addition, at least $71,269.60 was transferred directly from Debtor to Defendant. The funds transferred to Defendant from the accounts nominally titled with Sham Entities and from the Debtor itself are collectively referred to as the "Transfers." Trustee alleges that some or all of the Transfers were then subsequently transferred by Defendant to one or more of the Doe Defendants. The Transfers to Defendant occurred during the four-year-period prior to the petition date and post-petition.

3.      Under these facts, the Trustee can avoid the Transfers and recover from Defendant as the "initial" transferee of such transfers and/or from Doe Defendants as "subsequent" transferees who did not take in good faith, for value, and without knowledge of the avoidability of such transfers. The Trustee alleges that neither the Defendant nor any of the Doe Defendants received the Transfers in good faith, for value, and without knowledge of their avoidability.

## Statement of Jurisdiction and Venue

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United

2

FIRST AMENDED COMPLAINT

4896-8622-9857v2

States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *In re The Litigation Practice Group, P.C.*, Bankruptcy Case Number 8:23-bk-10571-SC.

5.      Plaintiff has standing to bring this adversary proceeding pursuant to Provision V.E. of the Modified First Amended Joint Chapter 11 Plan of Liquidation, confirmed by the Court on September 9, 2024, as Dk. No. 1646. The Plan provides that the Estate's litigation claims, including avoidance claims, were transferred to the LPG Liquidating Trust. Plaintiff brings these claims on behalf of the Trust.

6.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), and (O), and this Court has Constitutional authority to enter a final judgment on these claims. To the extent any claim for relief contained herein is determined not to be a non-core proceeding or a *Stern*-claim, Plaintiff consents to the entry of final judgment and orders by the Bankruptcy Court.

7.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. §§ 1408 and 1409.

### Parties

8.      The Litigation Practice Group P.C. (previously defined as "Debtor") is a corporation organized under the laws of the State of California, that had its principal place of business in Tustin, California. During all relevant times prior to bankruptcy, Daniel S. March ("Mr. March") was the Chief Executive Officer of Debtor.

9.      On March 20, 2023 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, initiating bankruptcy Case No. 8:23-bk-10571-SC ("Bankruptcy Case") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division.

10.      Richard A. Marshack (previously defined as "Trustee" or "Plaintiff") was the duly-appointed, qualified, and acting Chapter 11 Trustee for the Debtor's bankruptcy estate ("Estate"). Pursuant to the confirmed Plan, the Trustee now serves as Trustee of the LPG Liquidation Trust, which now owns all of the litigation claims, including the Estate's avoidance actions.

3

FIRST AMENDED COMPLAINT

4896-8622-9857v2

11.     Plaintiff alleges that, at all relevant times, Defendant was a domestic corporation formed and existing under the laws of the State of California. Defendant's address and/or principal place of business is 17748 Sky Park Circle, Ste 200, Irvine, California 92614.

12.     Plaintiff is ignorant of the true names and capacities of the Doe Defendants and, therefore, sues said defendants under such fictitious names. Plaintiff will amend this FAC to reflect the true names and capacities of such defendant(s) when they have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named individuals and/or entities are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiff's damages by their conduct. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named defendants may constitute individuals, unknown trusts, partnerships, related entities, owners, principals, shareholders, insiders, alter egos, co-conspirators, and aiders and abettors that: (a) received transfers from Debtor and/or Sham Entities as an initial, immediate, or mediate transferee; (b) received transfers from Defendant as a mediate transferee; (c) directed or controlled Defendant's conduct and, as such, were responsible in some manner for the occurrences alleged herein; and/or (c) were used to shield Debtor's assets from collection, levy or execution, and to otherwise, hinder, delay and defraud the Debtor and its creditors.

## General Allegations

### A.     The Bankruptcy Case

13.     Pre-petition, Debtor was a law firm that provided consumer debt resolution services to more than 50,000 clients nationwide.

14.     Tony Diab ("Mr. Diab") owned, operated, dominated, and controlled the Debtor.

15.     On May 8, 2023, Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy Case. To the extent that Trustee was not appointed until after any of the events alleged in this FAC, the allegations are based on information and belief. *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017); *Miller v. City of Los Angeles*, 2014 U.S. Dist. LEXIS 198871, at *5 (C.D. Cal. Aug. 7, 2014); *Mireskandari v. Daily Mail and General Trust PLC*, 2013 U.S. Dist. LEXIS 194437, at *4 (C.D. Cal. July 31, 2013).

/ / /

FIRST AMENDED COMPLAINT

4896-8622-9857v2

## B. Fraudulent Entities

16. To keep Debtor's interests in property outside the reach of creditors, including funds paid by investors and by Debtor's clients pursuant to their written Legal Services Agreements with Debtor, the LPG Insiders created one or more sham entities to receive and hold Debtor's property.

17. The Debtor's primary assets were its rights to receive monthly ACH payments from its consumer clients. In the full year prior to bankruptcy, Debtor's Statements of Financial Affairs evidence that it received revenues totaling approximately $155 million.

18. In addition, millions of dollars of investment funds were collected and diverted to sham entities under the guise that the funds were being invested in Debtor.

19. Under applicable state and federal laws, ACH pulls from a consumer's bank account can occur until the party initiating the payments obtains the consumer's express written consent.

20. With respect to the ACH pulls, the consumer clients only consented to the Debtor initiating the payments from their accounts.

21. With respect to the ACH pulls, the funds were derived from consumer clients that never consented to any law firm other than the Debtor representing them.

22. At all times, the Transfers constituted transfers of interests of the Debtor in property as that term is defined in 11 U.S.C. § 101(54).[1]

///

///

---

[1] To the extent the LPG Insiders are adjudicated to be initial transferees of the Transfers, the omission of the LPG Insiders in this Complaint is not fatal to the fraudulent transfer claims set forth herein. *See Erickson v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 735 (9th Cir. BAP 2008) ("[W]e hold that a trustee is not required to avoid the initial transfer from the initial transferee before seeking recovery from subsequent transferees under § 550(a)(2)."); *IBT Intern., Inc. v. Northern (In re Int'l Admin. Servs., Inc,)*, 408 F.3d 689, 708 (11th Cir. 2005) ("Section 550(a) does not mandate a plaintiff to first pursue recovery against the initial transferee and successfully avoid all prior transfers against a mediate transferee."); *Leslie v. Ace Gallery N.Y. Corp. (In re Art & Architecture Books of the 21st Century)*, 2021 Bankr. LEXIS 3637, *98 (Bankr. C.D. Cal. 2022) ("The language of 11 U.S.C. § 550 does not require a trustee to successfully avoid a transfer with respect to the initial transferee in order to recover from a subsequent transferee under 11 U.S.C. § 550."); *In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 743 (Bankr. S.D.N.Y. 2008) ("[T]he Bankruptcy Code, and specifically §§ 544(b) and 548, does not identify the proper, necessary or indispensable parties to a fraudulent transfer action, and does not state that the initial transferee is necessary.").

5

FIRST AMENDED COMPLAINT

4896-8622-9857v2

**C.     Ponzi Scheme**

23.     This Court has recognized that Debtor operated a Ponzi scheme by using funds provided by former investors to attract new investors hoping for very high returns. *See* Dk. No. 1545, fn. 5.

24.     The Ponzi Scheme Presumption establishes a debtor's "intent to defraud future undertakers [investors] from the mere fact that a debtor was running a Ponzi scheme." *Merrill v. Abbott* (*In re Independent Clearing House Co.*), 77 B.R. 843, 860 (D. Utah 1987). "Knowledge to a substantial certainty constitutes intent in the eyes of the law, cf. Restatement (Second) of Torts § 8A (1963 & 1964), and a debtor's knowledge that future investors will not be paid is sufficient to establish his actual intent to defraud them." *Id*. A trustee in bankruptcy is not required to show that an operator of a Ponzi scheme was subjectively aware his Ponzi scheme was destined to fail. *In re EPD Inv. Co., LLC*, 114 F.4th at 1153 (9th Cir. 2024).

25.     "[I]f all the debtor receives in return for a transfer is the use of the defendant's money to run a Ponzi scheme, there is nothing in the bankruptcy estate for creditors to share." *In re Independent Clearing House Co.* 77 B.R. at 859. In such a situation, the use of the defendant's money cannot objectively be called "reasonably equivalent value." *Id*. Therefore, "[t]he trustee can avoid the transfers if they were preferential or fraudulent. Transfers to investors in a Ponzi scheme are preferential and fraudulent. Therefore, they constitute 'property of the estate,' and the trustee can recover them." *Id*. at 853 n.17 (citations omitted).

26.     Based on the Ponzi Scheme presumption, the Court can infer that the Debtor had the intent to defraud investors within the meaning of 11 U.S.C. § 548(a)(1). Since the transfers by Debtor to third parties, including Defendants, were made with the intent to further the Ponzi scheme, the Debtor did not receive an objectively reasonable equivalent value for such transfers, and the Trustee can avoid any such transfers because they were preferential and/or fraudulent.

**D.     Prepetition Creditors and Lawsuits**

27.     Debtor's Schedule E/F, filed on April 4, 2023, as Dk. No. 33, lists: (a) 11 unsecured creditors with priority unsecured claims totaling $374,060.04; and (b) 58 nonpriority unsecured creditors with scheduled claims totaling $141,439,158.05.

6

FIRST AMENDED COMPLAINT

4896-8622-9857v2

28.     The claims register in this Bankruptcy Case includes 2,554 proofs of claim, totaling in excess of $424 million of claims asserted against the Estate.

29.     At least 14 UCC-1 statements were of record securing alleged debts of the Debtor as of the Petition Date. These statements either reflected secured liens against the Debtor's assets then owned or thereafter acquired or provided evidence of the assignment or sale of substantial portions of the Debtor's future income. They secured the repayment of the following claimed amounts that are currently known to Trustee and are allegedly owed by the Debtor: (a) $2,374,004.82 owed to Fundura Capital Group as evidenced by Proof of Claim No. 335 purportedly secured by a UCC statement filed on or about May 19, 2021; (b) approximately $15 million dollars owed to MNS Funding, LLC as evidenced by Proof of Claim No. 1060 purportedly secured by a UCC statement filed on or about May 28, 2021; (c) approximately $5,000,000 owed to Azzure Capital, LLC as evidenced by Proof of Claim No. 127 purportedly secured by a UCC statement filed on or about May 28, 2021; and (d) approximately $1.5 million dollars owed to Diverse Capital, LLC purportedly secured by UCC statements filed on or about September 15, 2021, and December 1, 2021.

30.     Debtor's balance sheets for the 36 months ending December 31, 2021, show approximately $17,900,000 in total assets at its highest point in November 2021. This amount is significantly less than the $424 million of claims filed.

31.     Debtor's Statement of Financial Affairs, filed on April 4, 2023, as Dk. No. 34, reflects 15 pending lawsuits against Debtor as of the Petition Date. The lawsuits date back to October 18, 2021 (*Fundura v. The Litigation Practice Group P.C. et al.*, Supreme Court of New York Index No. 613192-2021) and are as recent as March 10, 2023 (*Diverse Capital LLC v. The Litigation Practice Group P.C. et al.*, Supreme Court of New York Index No. 135614-2023).

**E.     Debtor's Insolvency**

32.     Debtor was insolvent when the Transfers occurred as evidenced by: (a) the 14 UCC-1 statements reflecting secured liens against the Debtor's owned and after-acquired assets and the assignment or sale of substantial portions of the Debtor's future income; (b) the priority and non-priority unsecured debt of nearly $142 million listed in Debtor's schedules; (c) the $424 million of

/ / /

7
FIRST AMENDED COMPLAINT

4896-8622-9857v2

creditor claims filed in this Bankruptcy Case; and (d) Debtor's balance sheets reflecting, at its highest point, $17.9 million of assets in November 2021.

33.    Moreover, insolvency is presumed as a matter of law where, as in this Bankruptcy Case, the debtor operated a Ponzi scheme. *See, e.g., Glob. Money Mgmt., L.P. v. McDonnold*, No. 06CV34, 2008 U.S. Dist. LEXIS 128733, at *15 (S.D. Cal. Feb. 27, 2008) (concluding that "if a Ponzi scheme is proven, then the debtor is proven insolvent from the time of its inception").

### F.    The Subject Transfers

34.    During the four-year period prior to the Petition Date, the transfers of interests of the Debtor in property were made to Defendant and/or the Doe Defendants. The full extent of the prepetition Transfers will be proven at trial, but are in an amount not less than $222,082.60 as set forth in the chart attached as **Exhibit 1.**

35.    Post-petition, the transfers of interests of the Debtor in property were made to Defendant and/or the Doe Defendants. The full extent of the post-petition Transfers will be proven at trial, but are in an amount not less than $12,011.75 as set forth in the chart attached as **Exhibit 2.**

36.    To the extent the Court determines that the $222,082.60 in Transfers made during the four-year period prior to the Petition Date were made: (a) with actual intent to hinder, delay, or defraud Debtor's creditors; and/or (b) without Debtor receiving reasonably equivalent value in exchange, the Trustee alleges that such Transfers are avoidable under 11 U.S.C. § 544 and 548 and under Cal. Civ. Code §§ 3439.04 and 3439.05 (collectively, the "Fraudulent Transfers").

37.    To the extent the Court determines that the $12,011.75 in Transfers made post-petition were not authorized under the Bankruptcy Code or by order of the United States Bankruptcy Court overseeing Debtor's bankruptcy case, the Trustee alleges that such Transfers are avoidable under 11 U.S.C. § 549 (collectively, the "Unauthorized Post-Petition Transfers").

38.    Plaintiff alleges that Debtor was insolvent when the Transfers were made or became insolvent as a result of the prepetition Transfers.

39.    Plaintiff alleges that Debtor did not receive reasonably equivalent value in exchange for or in connection with the prepetition Transfers.

///

8

FIRST AMENDED COMPLAINT

4896-8622-9857v2

40.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers or their value from Defendant and Doe Defendants as initial or subsequent transferees.

41.     Under 11 U.S.C. § 551, avoided transfers are automatically preserved for the benefit of the Estate.

**G.     Due Diligence**

42.     On October 8, 2024, Plaintiff caused a letter to be mailed to Defendant ("First Letter") requesting documents and information to substantiate the Transfers, to assess the purpose of the Transfers, and to evaluate any potential defenses to Plaintiff's avoidance and recovery of the Transfers. Plaintiff received no response to the First Letter.

43.     On February 21, 2025, Plaintiff caused another follow-up letter to be mailed to Defendant ("Second Letter") requesting the same documents and information sought in the First Letter. The Second Letter also attached a draft complaint that would be filed by Plaintiff against Defendant absent a response to the Second Letter from Defendant. Plaintiff received no response to the Second Letter.

44.     Prior to filing the original complaint, Plaintiff's counsel conducted an electronic search of Debtor's paper files and accounting records, including Debtor's Quickbooks files, which records and files are now stored electronically. Plaintiff's search of the subject records and files revealed no apparent defenses to the alleged claims.

**First Claim for Relief**

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer**

**11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07**

**(Against all Defendants)**

45.     Plaintiff incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full.

46.     Under 11 U.S.C. § 544(b)(1), Plaintiff may avoid transfers of an interest of Debtor which are voidable under applicable law by an unsecured creditor of Debtor, including under California Civil Code § 3439.04(a)(1).

47.     The Fraudulent Transfers were of property of Debtor.

9

FIRST AMENDED COMPLAINT

4896-8622-9857v2

48.     The Fraudulent Transfers were made within four years of the Petition Date.

49.     The Fraudulent Transfers were made with the actual intent to hinder, delay, or defraud Debtor's creditors.

50.     At the time each Fraudulent Transfer was made, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Fraudulent Transfer and on the Petition Date.

51.     Debtor had been sued or threatened with suit before some or all of the Fraudulent Transfers occurred.

52.     Debtor incurred substantial debt shortly before or shortly after some or all of the Fraudulent Transfers occurred.

53.     The LPG Insiders caused Debtor to abscond and delay the discovery of substantial assets of the Debtor pursuant to the diversion of Debtor's funds, client files, and assets to sham entities.

54.     Debtor actively concealed its beneficial interest in the Fraudulent Transfers and made the payments to Defendants with actual intent to hinder, delay, or defraud other creditors of the Debtor.

55.     Sham Entities, who benefitted from the receipt of funds improperly diverted away from Debtor, would be considered an insider under Cal. Civ. Code § 3439.04(b)(1).

56.     Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers. Defendant and/or Doe Defendants received at least $222,082.60 of property belonging to Debtor.

57.     The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

58.     The Fraudulent Transfers were made partially for the benefit of an insider of Debtor. The detriment of the Fraudulent Transfers accrued to Debtor, and Debtor received no direct or indirect benefit.

59.     Plaintiff alleges that Defendant and/or Doe Defendants did not receive the Fraudulent Transfers in good faith, for value, and without knowledge of their avoidability.

10

FIRST AMENDED COMPLAINT

4896-8622-9857v2

60.     Based on the foregoing, Plaintiff may avoid the Fraudulent Transfers pursuant to 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1).

61.     Based on the foregoing, Plaintiff may recover and preserve the Fraudulent Transfers from Defendant and/or Doe Defendants as the initial transferee or, alternatively, as the subsequent transferee for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

## Second Claim for Relief

## Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer

## 11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07

## (Against all Defendants)

62.     Plaintiff hereby incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

63.     Under 11 U.S.C. § 544(b)(1), Plaintiff may avoid transfers of an interest of Debtor which are voidable under applicable law by an unsecured creditor of Debtor, including under California Civil Code §§ 3439.04(a)(2) and 3439.05.

64.     Debtor did not receive reasonably equivalent value in exchange for the funds diverted to Sham Entities.

65.     Debtor did not receive reasonably equivalent value in exchange for the Fraudulent Transfers.

66.     The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

67.     At the time each Fraudulent Transfer was made, Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or transaction.

68.     At the time each Fraudulent Transfer was made, Debtor intended to incur, or believed or reasonably should have believed that Debtor would incur, debts beyond Debtor's ability to pay as they became due.

/ / /

11

FIRST AMENDED COMPLAINT

4896-8622-9857v2

69.     At the time each Fraudulent Transfer was made, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Fraudulent Transfer and on the Petition Date.

70.     Sham Entities, who benefitted from the receipt of funds improperly diverted away from Debtor, would be considered an insider under Cal. Civ. Code § 3439.04(b)(1).

71.     The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

72.     Plaintiff alleges that Defendant and/or Doe Defendants did not receive the Fraudulent Transfers in good faith, for value, and without knowledge of their avoidability.

73.     Based on the foregoing, Plaintiff may avoid the Fraudulent Transfers pursuant to 11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) and 3439.05.

74.     Based on the foregoing, Plaintiff may recover and preserve the Fraudulent Transfers from Defendant and/or Doe Defendants as the initial transferee or, alternatively, as the subsequent transferee for the benefit of the Estate pursuant to 11 U.S.C. §§ 550 and 551, and Cal. Civ. Code § 3439.07.

## Third Claim for Relief

## Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer

## 11 U.S.C. §§ 548(a)(1)(A), 550 & 551

## (Against all Defendants)

75.     Plaintiff hereby incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

76.     One or more of the Fraudulent Transfers were made within two years of the Petition Date.

77.     The Fraudulent Transfers were made to Defendants with the actual intent to hinder, delay, or defraud Debtor's creditors.

78.     At the time each Fraudulent Transfer was made, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Fraudulent Transfer and on the Petition Date.

12

FIRST AMENDED COMPLAINT

4896-8622-9857v2

79.     Debtor had been sued or threatened with suit before some or all of the Fraudulent Transfers occurred.

80.     Debtor incurred substantial debt shortly before or shortly after some or all of the Fraudulent Transfers occurred.

81.     The LPG Insiders caused Debtor to abscond and delay the discovery of substantial assets of the Debtor pursuant to the diversion of Debtor's funds, client files, and assets to sham entities.

82.     The LPG Insiders actively concealed Debtor's assets pursuant to the diversion of funds, client files, and assets to sham entities.

83.     Sham Entities, who benefitted from the receipt of funds improperly diverted away from Debtor, would be considered an insider as that term is defined in 11 U.S.C. § 101(31).

84.     Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers totaling $222,082.60.

85.     The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

86.     Plaintiff alleges that Defendant and/or Doe Defendants did not receive the Fraudulent Transfers in good faith, for value, and without knowledge of their avoidability.

87.     Based on the foregoing, Plaintiff may avoid the Fraudulent Transfers under 11 U.S.C. § 548(a)(1)(A).

88.     Based on the foregoing, Plaintiff may recover and preserve the avoided transfers up to the amount of the Fraudulent Transfers from Defendant and/or Doe Defendants as the initial transferee or, alternatively, as the subsequent transferee for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

/ / /

/ / /

/ / /

/ / /

/ / /

13
FIRST AMENDED COMPLAINT

4896-8622-9857v2

## Fourth Claim for Relief

## Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer

## 11 U.S.C. §§ 548(a)(1)(B), 550 & 551

## (Against all Defendants)

89.     Plaintiff hereby incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

90.     One or more of the Fraudulent Transfers were made within two years before the Petition Date.

91.     Debtor did not receive reasonably equivalent value in exchange for the Fraudulent Transfers.

92.     The Fraudulent Transfers were made at a time when Debtor was insolvent and/or rendered insolvent by virtue of said transfers.

93.     When the Fraudulent Transfers occurred, Debtor's business was undercapitalized and Debtor was engaged in business for which its capital was unreasonably small.

94.     When the Fraudulent Transfers occurred, Debtor was about to incur debts that were beyond its ability to pay.

95.     The Fraudulent Transfers were made for the benefit of Defendants and Sham Entities, which were insiders of Debtor.

96.     At the time each Fraudulent Transfer was made, Debtor was indebted to one or more creditors that held a claim against Debtor on the date of each Fraudulent Transfer and on the Petition Date.

97.     Plaintiff alleges that Defendant and/or Doe Defendants did not receive the Fraudulent Transfers in good faith, for value, and without knowledge of their avoidability.

98.     Based on the foregoing, Plaintiff may avoid the Fraudulent Transfers under 11 U.S.C. § 548(a)(1)(B).

99.     Based on the foregoing, Plaintiff may recover and preserve the avoided Fraudulent Transfers from Defendant and/or Doe Defendants as the initial transferee or, alternatively, as the subsequent transferee for the benefit of the Estate under 11 U.S.C. §§ 550 and 551.

14

FIRST AMENDED COMPLAINT

4896-8622-9857v2

**Fifth Claim for Relief**

**Avoidance, Recovery, and Preservation of Unauthorized Post-Petition Transfer**

**11 U.S.C. §§ 549, 550, and 551**

**(Against all Defendants)**

100.    Plaintiff incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

101.    The Unauthorized Post-Petition Transfers were made on or after March 20, 2023.

102.    The Unauthorized Post-Petition Transfers were not authorized pursuant to Title 11 of the United States Code or by order of the United States Bankruptcy Court overseeing Debtor's bankruptcy case.

103.    The Unauthorized Post-Petition Transfers were of property of Debtor.

104.    The Unauthorized Post-Petition Transfers are avoidable pursuant to 11 U.S.C. § 549. Defendant has liability for all avoided Transfers under 11 U.S.C. § 550.

105.    The Trustee may preserve all avoided Unauthorized Post-Petition Transfers from Defendant and/or Doe Defendants for the benefit of the Estate pursuant to 11 U.S.C. § 551.

**Sixth Claim for Relief**

**Disallowance of Claim**

**11 U.S.C. § 502(d)**

**(Against all Defendants)**

106.    Plaintiff hereby incorporates by reference Paragraphs 1 through 44 and realleges these paragraphs as though set forth in full herein.

107.    Plaintiff alleges that Defendant and/or Doe Defendants may have a claim against the Estate.

108.    Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that any claim asserted by Defendant and/or Doe Defendants be disallowed unless or until the avoidable Transfers are repaid by Defendant and/or Doe Defendants.

/ / /

/ / /

15

FIRST AMENDED COMPLAINT

4896-8622-9857v2

**Prayer**

WHEREFORE, Plaintiff prays for judgment against Defendant and Doe Defendants as follows:

**On the First Claim for Relief**

1.     That the Fraudulent Transfers be avoided under 11 U.S.C. § 544 and Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07;

2.     That Plaintiff recover the avoided Fraudulent Transfers or a money judgment in an amount equal to the value of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Second Claim for Relief**

3.     That the Fraudulent Transfers be avoided under 11 U.S.C. § 544 and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07;

4.     That Plaintiff recover the avoided Fraudulent Transfers or a money judgment in an amount equal to the value of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Third Claim for Relief**

5.     That the Fraudulent Transfers be avoided under 11 U.S.C. § 548(a)(1)(A);

6.     That Plaintiff recover the avoided Fraudulent Transfers or a money judgment in an amount equal to the value of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Fourth Claim for Relief**

7.     That the Fraudulent Transfers be avoided under 11 U.S.C. § 548(a)(1)(B);

8.     That Plaintiff recover the avoided Fraudulent Transfers or a money judgment in an amount equal to the value of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Fifth Claim for Relief**

9.     That the Unauthorized Post-Petition Transfers be avoided under 11 U.S.C. § 549;

10.     That Plaintiff recover the avoided Unauthorized Post-Petition Transfers or a money judgment in an amount equal to the value of the avoided Unauthorized Post-Petition Transfers pursuant to 11 U.S.C. § 550;

/ / /

/ / /

16

FIRST AMENDED COMPLAINT

4896-8622-9857v2

**On the Sixth Claim for Relief**

11.    That any claim of Defendant and/or Doe Defendants against the Estate be disallowed in its entirety unless or until Defendant and/or Doe Defendants timely repay the avoidable Transfers;

**On All Claims for Relief**

12.    That Plaintiff only recover a single satisfaction of all avoided Transfers under 11 U.S.C. § 550(d);

13.    That all avoided Transfers be preserved pursuant to 11 U.S.C. § 551;

14.    For prejudgment interest under state law on all fraudulent transfer claims from the date each transfer was made, as set forth in *In re Slatkin*, 525 F.3d 805, 820 (9th Cir.2008), *In re Agricultural Research and Technology Group, Inc.*, 916 F.2d 528, 541-42 (9th Cir.1990), and *Field v. Kepoikai* (*In re Maui Indus. Loan & Fin. Co.*), 483 B.R. 346, 353 (Bankr. D. Haw. 2012);

15.    For pre-judgment interest on all other claims at the maximum rate allowed by law;

16.    For costs incurred by Plaintiff in prosecuting this action; and

17.    For such other and further relief as the Court may deem just and proper.

DATED: September 20, 2025              MARSHACK HAYS WOOD LLP

By: */s/ Chad V. Haes*
CHAD V. HAES
Attorneys for Richard A. Marshack,
Plaintiff and Trustee of The LPG Liquidation Trust

17
FIRST AMENDED COMPLAINT

4896-8622-9857v2

# Exhibit "1"

Case 8:25-ap-01094-SC   Doc 30   Filed 02/20/25   Entered 02/20/25 00:32:00   Desc
Main Document      Page 27 of 34

In re: The Litigation Practice Group PC

Vercy LLC

 GROBSTEIN TEEPLE

Disbursement Details by Payee
4 Years Pre-Petition (03/20/2019 - 03/20/2023)

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Debit/Charge | Memo |
|---|---|---|---|---|---|---|
| Chase | Validation Partners LLC | 3097 | 2/28/2022 | 2/11/2022 | 30,131.00 | 02/11 Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy LLC Ref:/Time/16:32 Imad: 0211B1Qgc08C018978 Trn: 3476642042Es |
| Chase | Validation Partners LLC | 3097 | 2/28/2022 | 2/23/2022 | 7,716.00 | 02/23 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/08:03 Imad: 0223B1Qgc08C003680 Trn: 3118502054Es |
| Chase | Validation Partners LLC | 3097 | 2/28/2022 | 2/25/2022 | 17,943.00 | 02/25 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:15 Imad: 0225B1Qgc06C018278 Trn: 3559562056Es |
| Chase | Validation Partners LLC | 3097 | 3/31/2022 | 3/4/2022 | 28,600.00 | 03/04 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:29 Imad: 0304B1Qgc06C019745 Trn: 3554692063Es |
| Chase | Validation Partners LLC | 3097 | 3/31/2022 | 3/11/2022 | 20,071.00 | 03/11 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:54 Imad: 0311B1Qgc05C021388 Trn: 3529562070Es |
| Chase | Validation Partners LLC | 3097 | 3/31/2022 | 3/18/2022 | 17,590.00 | 03/18 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:33 Imad: 0318B1Qgc03C013824 Trn: 3479862077Es |
| Chase | Validation Partners LLC | 3097 | 3/31/2022 | 3/28/2022 | 4,432.00 | 03/28 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/16:10 Imad: 0328B1Qgc01C009690 Trn: 3576782087Es |
| Chase | Validation Partners LLC | 3097 | 4/29/2022 | 4/5/2022 | 9,190.00 | 04/05 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/15:59 Imad: 0405B1Qgc01C009282 Trn: 3492902095Es |
| Chase | Validation Partners LLC | 3097 | 4/29/2022 | 4/8/2022 | 15,140.00 | 04/08 Online Domestic Wire Transfer Via: Union LA Aka Uboc/122000496 A/C: Vercy Irvine CA 92614 US Ref:/Time/13:16 Imad: 0408B1Qgc07C010986 Trn: 3362672098Es |
| | | | | | 150,813.00 | |

Exhibit "1"
Page 18

Exhibit "6"
Page 106

Case 8:25-ap-01094-SC    Doc 24    Filed 02/20/25    Entered 02/20/25 00:12:00    Desc
Main Document      Page 20 of 22

In re: The Litigation Practice Group PC

Vercy LLC



Disbursement Details by Payee
4 Years Pre-Petition (03/20/2019 - 03/20/2023)

| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| UnionBank | The Litigation Practice Group PC | 4858 | 12/31/2021 | 12/23/2021 | | 248.18 | WIRE TRANS TRN 1223024539 122321 UBOC UB341376N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 12/31/2021 | 12/31/2021 | | 222.32 | WIRE TRANS TRN 1231023020 123121 UBOC UB305985N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/13/2022 | | 764.23 | WIRE TRANS TRN 0113021430 011322 UBOC UB246663N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/21/2022 | | 355.52 | WIRE TRANS TRN 0121016107 012122 UBOC UB211026N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 1/31/2022 | 1/28/2022 | | 1,639.15 | WIRE TRANS TRN 0128019420 012822 UBOC UB170058N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 2/28/2022 | 2/4/2022 | | 1,011.94 | WIRE TRANS TRN 0204022630 020422 UBOC UB131304N Sent To: VERCY L.L.C. Beneficiary: |
| UnionBank | The Litigation Practice Group PC | 4858 | 2/28/2022 | 2/11/2022 | | 955.86 | WIRE TRANS TAN 0211017080 021122 UBOC UB103005N Sent To: VERCY L.L.C. Beneficiary: |
| Chase | The Litigation Practice Group PC | 3158 | 10/31/2022 | 10/31/2022 | 12163 | 65,376.92 | |
| Bank of America | Litigation Practice Group PC | 6538 | 1/31/2023 | 1/17/2023 | | 695.48 | WIRE TYPE:WIRE OUT DATEQ3O117 T1ME0439 ETTRN:2023011300507692 SERVICE REF:007749 BNF:VERCY LLC ID0033664582 BNF BK:MUFG UNION BANK  NA ID:1 22000496 PMT DET:421 503946 01 .1 3.23 WEEKLY DISBURSEMENT |
| | | | | | | 71,269.60 | |

DRAFT FORM - SUBJECT TO CHANGE

Payor Accounts: BAT Inc., Coast Processing LLC,
EZ Debt Relief, Maverick Management Group, Prime Logix, The
Litigation Practice Group, Vulcan Consulting Group LLC

Exhibit "1"

Page 19

Exhibit "6"

Page 107

Case 8:25-ap-01094-SC    Doc 30    Filed 02/20/25    Entered 02/20/25 00:32:00    Desc
Main Document      Page 29 of 34

# Exhibit "2"

Case 8:25-ap-01094-SC   Doc 20   Filed 02/20/25   Entered 02/20/25 00:32:00   Desc
Main Document   Page 20 of 32

In re: The Litigation Practice Group PC
Summary of Disbursements
Post-Petition Activity (3/20/2023 - Present)

Vercy LLC



| Bank Name | Account Name | Account Number | Statement Date | Transaction Date | Check Number | Debit/Charge | Memo |
|---|---|---|---|---|---|---|---|
| Bank of America | Vulcan Consulting Group LLC dba DRD | 9551 | 5/31/2023 | 5/25/2023 | | 12,011.75 | Online Banking Transfer Conf# oh7yjcump; VERCY LLC. |
| | | | | | | **12,011.75** | |

1 of 1                    DRAFT FORM - SUBJECT TO CHANGE

Payor Accounts: BAT Inc., Coast Processing LLC,
EZ Debt Relief, Maverick Management Group, Prime Logix, The
Litigation Practice Group, Vulcan Consulting Group LLC

Exhibit "2"
Page 20

Exhibit "6"
Page 109

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **AMENDED COMPLAINT FOR: (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; CAL. CIV. CODE §§ 3439.04(a)(1) AND 3439.07]; (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(B); 550, 551; CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05, AND 3439.07]; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF UNAUTHORIZED POST-PETITION TRANSFERS [11 U.S.C. §§ 549, 550, AND 551]; AND (4) DISALLOWANCE OF CLAIMS HELD BY DEFENDANTS [11 U.S.C. § 502(d)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 20, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **September 20, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 20, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Via Personal Delivery</u>
PRESIDING JUDGE'S COPY
Honorable Scott C. Clarkson
Bin beside 5th Floor Elevators
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth Street
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 20, 2025 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- ATTORNEY FOR PLAINTIFF: Aaron E. De Leest    adeleest@marshackhays.com, adeleest@marshackhays.com, alinares@ecf.courtdrive.com
- ATTORNEY FOR PLAINTIFF: Chad V Haes    chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; alinares@ecf.courtdrive.com
- ATTORNEY FOR PLAINTIFF: D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- PLAINTIFF: Richard A Marshack (TR)    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- U.S. TRUSTEE: United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

**Defendant**
Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #200
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
17748 Sky Park Circle #240
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
2525 Main St #360
Irvine, CA 92614

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay
Attn: General Counsel, CEO, or Officer,
Managing or General Agent, or any Other
Agent Authorized to Receive Service
401 Rockefeller #1407
Irvine, CA 92612

**Defendant**
Vercy L.L.C.
c/o Nader Sepehr, Agent for Service
15 Edendale St
Ladera Ranch, CA 92694

**Defendant**
Vercy L.L.C.
c/o Nader Sepehr, Agent for Service
4533 MacArthur Blvd #216
Newport Beach, CA 92660

**Defendant**
Vercy L.L.C.
c/o Ariyo Mackay, CEO and/or General Counsel,
CEO, or Officer, Managing or General Agent, or
any Other Agent Authorized to Receive Service
10 Thunder Run Apt 7c
Irvine, CA 92614

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*

# Exhibit "7"

# United States Bankruptcy Court
## Central District of California

### 411 West Fourth Street, Suite 2030, Santa Ana, CA 92701−4593

| | |
|---|---|
| In re:<br>The Litigation Practice Group P.C.<br><br><br>Debtor(s). | BANKRUPTCY CASE NO.:  8:23−bk−10571−SC<br><br>CHAPTER NO.:  11 |
| Richard A Marshack<br><br><br>Plaintiff(s)<br>Versus<br>Vercy L.L.C.<br><br><br>Defendant(s) | ADVERSARY NO.:  8:25−ap−01094−SC |

## NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S) UNDER LOCAL BANKRUPTCY RULE 7055−1(a)

On December 30, 2025, a request was filed for the clerk to enter default against defendant(s) **Vercy L.L.C., a California Limited Liability Company**.

Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

Dated: December 30, 2025

**By: Nickie Bolte**
**Deputy Clerk**

(Form van192−nched VAN−192) Rev. 12/2014                                **32 − 30 / NB8**