D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

**FILED & ENTERED**

**MAY 26 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte       DEPUTY CLERK**

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor.<br><br>RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>VERCY L.L.C., a California Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendant(s). | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. No. 8:25-ap-01094-SC<br><br>ORDER GRANTING, IN PART, MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT VERCY L.L.C. AND REQUEST TO DISMISS DOE DEFENDANTS<br><br>[MOTION - DOCKET NO. 40]<br><br>[Unopposed Motion – No Service of Proposed Order Required Pursuant to LBR 9013-1(o) and 9021-1(b)(4)] |

The Court has read and considered the motion filed by Plaintiff, Richard A. Marshack, solely in his capacity as the Trustee of the LPG Liquidation Trust ("Plaintiff"), for an order granting the *Motion for Default Judgment Against Defendant VERCY L.L.C. and Request to Dismiss Doe Defendants* ("Motion"), filed on May 4, 2026 [Dk. 40].

The Court finds, based upon the Declaration that no Party Requested a Hearing on Motion, filed by Trustee on May 22, 2026, as Dk. No. 43, that proper notice of the Motion has been given

1

and no opposition has been received. After review of the Motion and all supporting documents, the Court finds good cause to grant the Motion IN PART as follows:

1. The Motion is GRANTED IN PART.

2. On the First, Second, Third, and Fourth Claims for Relief of the First Amended Complaint, the transfers from the debtor, The Litigation Practice Group, P.C., including transfers made through Vulcan Consulting Group LLC dba DRD and Validation Partners LLC, to Defendant Vercy L.L.C., totaling $222,082.60, as specifically identified in Exhibit 1 to the Marshack Declaration filed in support of the Motion [Dk. 40], are AVOIDED as fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 548 and applicable California law, including Cal. Civ. Code §§ 3439.04(a)(1) and 3439.05.

3. On the Fifth Claim for Relief of the First Amended Complaint, the post-petition transfer from the debtor, The Litigation Practice Group, P.C., made through Vulcan Consulting Group LLC dba DRD, to Defendant Vercy L.L.C., totaling $12,011.75, as specifically identified in Exhibit 2 to the Marshack Declaration filed in support of the Motion [Dk. 40], is AVOIDED as an unauthorized post-petition transfer pursuant to 11 U.S.C. § 549.

4. Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is awarded and shall recover from Defendant Vercy L.L.C., as the initial transferee, the sum of $234,094.35.

5. The avoided transfers are preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

6. On the Sixth Claim for Relief of the First Amended Complaint, to the extent Defendant Vercy L.L.C. presently holds, or later asserts, any claim against the estate, including any claim arising under 11 U.S.C. § 502(h) as a result of the recovery awarded herein, any such claim is DISALLOWED under 11 U.S.C. § 502(d) unless and until Defendant repays the avoided transfers by satisfying the judgment entered pursuant to this Order. Upon satisfaction of the judgment, Defendant may seek allowance of such claim to the extent permitted by applicable law.

7. Except as expressly provided in paragraph 6, nothing in this Order determines the allowance, validity, priority, or amount of any claim that Defendant Vercy L.L.C. may assert against the estate. Any such issues shall be determined only if and when a claim is asserted and adjudicated

2

through the claims-allowance process under the Bankruptcy Code.

8. Plaintiff's request for prejudgment interest is GRANTED. Plaintiff is entitled to prejudgment interest at the rate of seven percent (7%) per annum on the amount of each avoided transfer, calculated from the date of each transfer through the date judgment is entered.

9. The Doe Defendants are DISMISSED WITHOUT PREJUDICE.

10. Any request to continue the deadline for non-discovery motions is DENIED AS MOOT.

11. All relief not expressly granted herein is denied without prejudice.

12. For purposes of resolving the Motion and entering judgment herein, the Court accepts the well-pleaded allegations of the First Amended Complaint together with the Motion and supporting declarations submitted in connection therewith. The Court does so solely for purposes of adjudicating the Motion and exercising its discretion to determine whether the requested relief should be granted. Nothing in this Order shall constitute findings binding on any other party or be construed to establish the law of the case, issue preclusion, or claim preclusion with respect to any matter not expressly determined herein. The Court makes no determination of any factual or legal issue beyond those necessary to grant the relief stated in this Order.

13. The judgment entered pursuant to this Order shall accrue post-judgment interest at the rate provided by 28 U.S.C. § 1961 from the date of entry of judgment until paid in full.

14. The Court will enter a separate judgment against Defendant Vercy L.L.C.

**IT IS SO ORDERED.**

### 

Date: May 26, 2026

Scott C. Clarkson
United States Bankruptcy Judge

3