D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

**FILED & ENTERED**

MAY 26 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

LITIGATION PRACTICE GROUP, P.C.,

Debtor.

RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,

Plaintiff,

v.

VERCY L.L.C., a California Limited Liability Company; and DOES 1 through 20, inclusive;

Defendants.

Case No. 8:23-bk-10571-SC

Chapter 11

Adv. No. 8:25-ap-01094-SC

JUDGMENT BY DEFAULT PURSUANT TO ORDER GRANTING, IN PART, MOTION FOR DEFAULT JUDGMENT

[NO HEARING REQUIRED PURSUANT TO LBR 9013-1(o)]

Pursuant to the Order Granting, In Part, Motion for Default Judgment entered on May 26, 2026, as Adversary Docket No. 45, the Court enters judgment in favor of Plaintiff, Richard A. Marshack, Trustee of the LPG Liquidation Trust ("Plaintiff") for the bankruptcy estate of The Litigation Practice Group, P.C. ("Estate") and against defendant Vercy L.L.C., a California Limited Liability Company ("Defendant") as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED** that:

With regard to the First, Second, Third, and Fourth Claims for Relief of the First Amended

1

Complaint, judgment is entered in favor of Plaintiff and against Defendant as follows:

1.        Pursuant to 11 U.S.C. §§ 544 and 548 and applicable California law, including Cal. Civ. Code §§ 3439.04(a)(1) and 3439.05, the transfers from the debtor, The Litigation Practice Group, P.C., including transfers made through Vulcan Consulting Group LLC dba DRD and Validation Partners LLC, to Defendant Vercy L.L.C., totaling $222,082.60, as specifically identified in Exhibit 1 to the Marshack Declaration [Dk. 40] (the "Fraudulent Transfers"), are AVOIDED.

2.        Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is awarded and shall recover from Defendant Vercy L.L.C., as the initial transferee, the sum of $222,082.60 on account of the Fraudulent Transfers; provided, however, that Plaintiff shall obtain only a single satisfaction of the avoided Fraudulent Transfers pursuant to 11 U.S.C. § 550(d).

3.        Pursuant to 11 U.S.C. § 551, the Fraudulent Transfers are preserved for the benefit of the Estate.

With regard to the Fifth Claim for Relief of the First Amended Complaint, judgment is entered in favor of Plaintiff and against Defendant as follows:

4.        Pursuant to 11 U.S.C. § 549, the post-petition transfer from the debtor, The Litigation Practice Group, P.C., made through Vulcan Consulting Group LLC dba DRD, to Defendant Vercy L.L.C., totaling $12,011.75, as specifically identified in Exhibit 2 to the Marshack Declaration [Dk. 40] (the "Unauthorized Post-Petition Transfer"), is AVOIDED.

5.        Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is awarded and shall recover from Defendant Vercy L.L.C., as the initial transferee, the sum of $12,011.75 on account of the Unauthorized Post-Petition Transfer.

6.        Pursuant to 11 U.S.C. § 551, the Unauthorized Post-Petition Transfer is preserved for the benefit of the Estate.

With regard to the Sixth Claim for Relief of the First Amended Complaint, judgment is entered in favor of Plaintiff and against Defendant as follows:

7.        To the extent Defendant Vercy L.L.C. presently holds, or later asserts, any claim against the estate, including any claim arising under 11 U.S.C. § 502(h) as a result of the recovery

2

awarded herein, any such claim is DISALLOWED under 11 U.S.C. § 502(d) unless and until Defendant repays the Fraudulent Transfers and the Unauthorized Post-Petition Transfer by satisfying this Judgment. Upon satisfaction of this Judgment, Defendant may seek allowance of such claim to the extent permitted by applicable law.

Monetary Judgment:

8.    Plaintiff is awarded a money judgment against Defendant Vercy L.L.C. in the amount of $234,094.35.

9.    Plaintiff is awarded prejudgment interest at the rate of seven percent (7%) per annum on the amount of each avoided transfer, calculated from the date of each transfer through the date of entry of judgment.

10.    The judgment entered herein shall bear post-judgment interest at the rate provided by 28 U.S.C. § 1961 from the date of entry of judgment until paid in full.

11.    Limitation of Findings. The determinations reflected in this Judgment are made solely for purposes of granting the relief awarded herein and enforcing the Court's Order. Nothing in this Judgment shall be construed to establish the law of the case or to have issue-preclusive or claim-preclusive effect with respect to any matter not expressly determined in the Order or this Judgment.

**IT IS SO ORDERED.**

###

Date: May 26, 2026

Scott C. Clarkson
United States Bankruptcy Judge